IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA              : | |
| v.                                                             : | Crim. No. 20-45 |
|                                                                    | Hon. Gerald A. McHugh |
| ABDUR RAHIM ISLAM,                    : | |
| SHAHIED DAWAN, | |
| KENYATTA JOHNSON, and         : | |
| DAWN CHAVOUS | |

**<u>UNITED STATES' UNOPPOSED MOTION FOR A PROTECTIVE ORDER</u>**

The United States of America (the "Government"), through its undersigned attorneys, with the consent of defendants Abdur Rahim Islam, Shahied Dawan, Kenyatta Johnson, and Dawn Chavous ("defendants"), moves this Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to enter into force the attached proposed protective order governing discovery in this matter.

The Government has provided counsel for the defendants with a copy of the proposed protective order and they have confirmed their non-opposition.  Moreover, the Government plans to immediately provide to the defendants discovery that meets and exceeds its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and this Court's Order for Discovery and Inspection.  For example, the Government intends to provide the defendants with the FD-302s (formal interview reports) for every individual interviewed as part of this investigation, irrespective of whether the individual will appear as a witness at trial.  Much of the material the Government intends to produce—including the material that exceeds the Government's discovery obligations—consists of sensitive information regarding witnesses, such as personal identifiers,

1

addresses, and phone numbers; private financial information; sensitive information from other departments and agencies of the executive branch; and confidential and sensitive information developed through investigations of law enforcement and the use of the grand jury. *See, e.g.*, *Douglas Oil v. Petrol Stops Nw.*, 441 U.S. 211, 218, 219-22 (1979) (discussing the policies underlying grand jury secrecy requirements and noting that they remain in effect after the grand jury's proceedings conclude). Accordingly, the Government respectfully requests that a protective order be entered governing the use that can be made of all discovery material that the Government provides to the defendants in this case.

Such material will be handled pursuant to the procedures outlined in the proposed order submitted contemporaneously to the Court, and that material may only be disclosed or disseminated in accordance with the proposed order, unless and until that order is modified by the Court. The Government intends to begin production of the material upon entry of the proposed order. Counsel for the defendants have indicated that they have no objections to the proposed protective order.

        Respectfully submitted,

        JENNIFER A. WILLIAMS
        Attorney for the United States, Acting
        Under Authority Conferred by 28 U.S.C. §
        515

By:

        /s/   Eric L. Gibson
        ERIC L. GIBSON
        MARK B. DUBONFF
        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

Dated: _____      /s/   Eric L. Gibson
                                               ERIC L. GIBSON
                                               Assistant United States Attorney