IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO.   20-cr-45 |
| **ABDUR RAHIM ISLAM,** | : | |
| **SHAHIED DAWAN,** | | |
| **KENYATTA JOHNSON, and** | : | |
| **DAWN CHAVOUS** | : | |

## O R D E R

Upon application of the United States of America for an Order declaring this matter to be a complex case pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii), and requesting exclusion of time under the Speedy Trial Act, having concurred in the assertion that this matter is complex as defined in the statute, and upon consideration of the position of counsel for defendants, the Court having found that an Order granting a finding that the case is complex and that a continuance of time for trial beyond the Speedy Trial Act limits should be entered, and that the time period of the delay shall be excluded from the Speedy Trial Act limits within which a trial should commence, and for good and sufficient cause shown, it is hereby **ORDERED** that the motion is **GRANTED.**

IT IS FURTHER THE FINDING OF THIS COURT that a continuance of time for trial beyond the Speedy Trial Act limits is justified for the following reasons:

1. The twenty-two count Indictment alleges a wide-ranging racketeering conspiracy and related crimes including bribery, honest services fraud, multiple counts of wire fraud, and tax offenses.

2. Islam and Dawan are also charged with engaging in a corrupt scheme in which Michael Bonds, the former president of the Milwaukee Public Schools (MPS) Board of Directors, received approximately $18,000 in exchange for Bonds using his official position to

take a series of official actions advantageous to Islam, Dawan, and Universal Companies.

       3. Islam and Dawan are also alleged to have engaged in theft and embezzlement at Universal.

       4. The Indictment also alleges that Islam and Dawan used Universal's funds to pay Islam excessive, inflated, or outright fraudulent reimbursements for "travel" or other purported "business expenses."

       5. The indictment in this case was the result of an extensive, years-long investigation by federal agents of the Federal Bureau of Investigation and the Internal Revenue Service. As such, the discovery in this case is considerable, and includes numerous items seized during the execution of search warrants, numerous boxes of pertinent banking records from a variety of bank accounts, witness statements, extensive grand jury testimony, and additional business records and discoverable items. It includes approximately two million pages stored across seven (7) terabytes in electronic format and at least fifteen (15) bankers' boxes. According to the government, much of its proof involves extensive financial investigation and examination of banking records.

       6. Much of the discovery is already scanned for distribution to the defense, and other discoverable documentation is being organized and will be made available promptly to the defense.

       7. Defendants and their counsel will need sufficient time to review the extensive discovery in this matter and conduct whatever examination or investigation they deem appropriate.

       8. In addition, depending upon the results of their examination of the government's discovery, the defendants and their counsel will need time to determine what

motions should be filed, if any.

9. The defendants are aware that absent the designation of this case as "complex," they would have a right to be tried within seventy days of their first appearance in this district in connection with this matter, pursuant to 18 U.S.C. § 3161(c)(1).

10. Counsel for the government have conferred with counsel for the defendants. All counsel are in agreement that this matter is complex. Moreover, defense counsel do not oppose the filing of the government's motion and concur that the matter should be designated "complex" pursuant to the Order of this Court.

11. Considering these findings and given the nature of the case and its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act. A scheduling order setting a trial date, along with a schedule for motions, beyond the Speedy Trial Act limits will enable counsel for the defendants to adequately review the extensive discovery, prepare pre-trial motions, and proceed to trial after proper preparation.

12. Pursuant to Title 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by taking this action outweigh the best interests of the public and the defendant in a speedy trial.

It is therefore further **ORDERED** this 13th day of February 2020, that this matter is declared complex and trial in this matter is continued to a date to be set by the Court following consultation with counsel.

BY THE COURT:

/s/ Gerald Austin McHugh
GERALD AUSTIN McHUGH
United States District Court Judge