# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | |
| | : | No. 20-cr-00045 |
| v. | : | |
| | : | |
| ABDUR RAHIM ISLAM, | : | |
| SHAHIED DAWAN, | : | |
| KENYATTA JOHNSON, and | : | |
| DAWN CHAVOUS | : | |
| Defendants.. | : | |

**McHugh, J.**                                                                                     **January 29, 2021**

## MEMORANDUM

This is a prosecution for alleged financial crimes and political corruption. The Indictment sets forth multiple counts. Defendant Abdur Rahim Islam has filed a motion to strike surplusage in the Indictment, ECF 50, which the Government opposes, ECF 56. For the reasons below, I will deny the Motion, but without prejudice.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). A court may strike surplusage from the indictment upon a defendant's motion. Fed. R. Crim. P. 7(d).

Mr. Islam argues that various paragraphs of the Indictment include "non-essential but prejudicial averments" about Mr. Islam and his co-defendants. Mot. to Strike ¶ 2, ECF 50. He also argues that certain paragraphs of the Indictment are "excessively detailed, argumentative accounts" of events that essentially amount to an "opening statement and closing argument for the

prosecution." *Id.* Finally, Mr. Islam argues that certain paragraphs "allege as facts what are actually matters of state law for the Court to determine." *Id.*

At oral argument, Mr. Islam agreed that at this stage he is not "prejudiced" by the asserted surplusage. Tr. at 20, ECF 70. Rather, the surplusage would only affect Mr. Islam at trial, should the Court provide the Indictment to the jury. *Id.* As represented during argument, it is not my usual practice to provide the jury with a copy of the Indictment, precisely because of the risk of prejudice. Depending upon the elements of a given charge, the Overt Acts may be submitted to guide the jury's deliberations, but beyond that, it is unlikely that any other portion of the Indictment will be seen by the jury.

Mr. Islam's Motion to Strike Surplusage is therefore **DENIED,** but without prejudice, so that Mr. Islam may renew his objections should circumstances at trial require further consideration of the issue.

s/Gerald Austin McHugh
United States District Judge
