### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION** |
| | : | **No. 20-cr-00045** |
| **v.** | : | |
| | : | |
| **ABDUR RAHIM ISLAM** | : | |
| **SHAHIED DAWAN** | : | |
| **KENYATTA JOHNSON** | : | |
| **DAWN CHAVOUS** | : | |
| Defendants. | : | |

**McHugh, J.**                                                                                   **March 15, 2021**

## MEMORANDUM

This is a prosecution for alleged political corruption.  I previously granted Defendants'

Motion to Compel Jury Instructions (ECF 83), because of certain unusual aspects of this case, and

because the governing legal principles continue to evolve.  I have now reviewed, *in camera*, the

instructions produced.  I am satisfied that the instructions provided to the grand jury comply with

Supreme Court and Third Circuit precedent regarding Honest Services Wire Fraud, 18 U.S.C. §§

1343 and 1346.  Specifically, I am satisfied that the instructions properly conveyed the legal

definitions of pending matters and official acts, and accurately set forth the intent required under

the Act.  I therefore conclude that the Indictment adequately alleges violations of the Acts as

required by Federal Rule of Criminal Procedure 7(c).  *See United States v. Rankin*, 870 F.2d 109,

112 (3d Cir. 1989).

I have further considered Ms. Chavous' Addendum to the Motion (ECF 48) setting forth

arguments unique to her.  As above, I conclude that the Indictment adequately alleges that Ms.

Chavous violated the Honest Services Wire Fraud statutes.

1

Both Mr. Johnson and Ms. Chavous raise arguments properly renewed when considering instructions that will equip the jury to address the facts of this case.

Defendants' Motion to Strike Surplusage (ECF 45) will also be denied.  I cannot find that the paragraphs alleging actions of Mr. Johnson regarding the Bainbridge properties are so "irrelevant (or immaterial)" that they should be stricken under Federal Rule of Criminal Procedure 7(d).  *See United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006).  As discussed above, I am convinced that the Government adequately instructed the grand jury as to the meaning of an "official act" and, at this initial stage, the allegations regarding the Bainbridge properties are not incorrect as a matter of law.  To the extent that Defendants argue the paragraphs describing the Bainbridge properties are prejudicial, it is not my usual practice to provide the jury with a copy of the Indictment, precisely because of the risk of prejudice.  If the Government seeks to submit the Indictment to the jury, Defendants may renew their argument.

/s/ Gerald Austin McHugh
United States District Judge

2