IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  20-45 |
| | : | |
| ABDUR RAHIM ISLAM | : | |
| SHAHIED DAWAN | : | |
| KENYATTA JOHNSON | : | |
| DAWN CHAVOUS | : | |

McHUGH, J.                                                                  October 14, 2021

## MEMORANDUM

This is a case where the Government alleges a series of financial crimes and political

corruption.  The indictment includes charges of RICO conspiracy, bribery, honest services fraud,

wire fraud, and tax offenses.  Defendants are Abdur Rahim Islam, the former chief executive

officer and board president of Universal Community Homes ("UCH"); Shahied Dawan, UCH's

former chief financial officer and secretary; Philadelphia City Councilman Kenyatta Johnson;

and Mr. Johnson's wife, Dawn Chavous.

On February 13, 2020, this Court, with the consent of the parties, designated this matter

complex, finding that "it is unreasonable to expect adequate preparation for pretrial proceedings

or the trial itself with in the time limits established under the Speedy Trial Act."  ECF No. 28.

Further, this Court found that the ends of justice outweighed the best interests of the public and

the defendants in a speedy trial.  *Id*.

On June 24, 2020, this Court set a trial date of January 11, 2021. ECF No. 42.  But the

state of the pandemic and the resulting limitations imposed upon court proceedings in this

District rendered that trial date an impossibility, and so on October 30, 2020, this complex

matter was continued with the consent of all parties. ECF No. 68.

On January 29, 2021, this Court granted the joint motion for severance filed by defendants Johnson and Chavous holding that Counts Nine and Ten of the Indictment would be severed from the remaining counts and tried separately.  ECF No. 77.  The Government has moved to set a trial date, to exclude certain time under the Speedy Trial Act, and advanced proposals for the structure and timing of trial on the pending charges. Having weighed the competing interests of the parties, the Government's motion will be granted in part.

1)  Calculation of time under the Speedy Trial Act

In a series of Standing Orders, beginning on March 13, 2020, the Chief Judge has regularly assessed the state of the pandemic and the actions taken and recommended by public health officials to mitigate the impact of the virus, and the resulting limitations that are appropriate in court proceedings in this District as a result.[1]  In every Order, the Chief Judge has concluded that criminal trials must be continued, or only conducted on a limited basis, in order to protect the health of all participants and maintain each defendant's right to a fair trial. In the cumulative Standing Orders issued to date, the Chief Judge determined that all criminal trials must be continued for these reasons during the period from March 13, 2020, through September 7, 2021, with the exception of a limited number of trials that have been held or may take place soon consistent with a careful set of precautions.  As the Chief Judge has explained, those precautions do not allow more than one criminal trial to take place at a time. Under those guidelines, a total of four trials were completed in September and October 2020, when conditions permitted, and additional trials occurred beginning on May 3, 2021, and are continuing at this time.

---

[1] The pertinent Standing Orders were issued on March 13, 2020, April 10, 2020, May 29, 2020, July 31, 2020, August 31, 2020, October 30, 2020, November 25, 2020, January 15, 2021, February 12, 2021, March 18, 2021, March 30, 2021, and June 7, 2021.

In the most recent Standing Order, issued on June 7, 2021, the Chief Judge stated:

> As the Court proceeds with the resumption of jury trials, it remains critical that the Court take reasonable steps to ensure that the conduct of jury trials in a pandemic environment will provide reasonable and prudent consideration of the public health and the health of all trial participants while providing accused defendants with the full range of trial rights accorded by law in a setting that provides for the full and appropriate presentation and consideration of the evidence and arguments. Based on the current public health situation and guidance, the Court remains in Phase Two of its COVID-19 Reopening Guidelines with numerous precautions in place. The Standing Orders requiring the wearing of masks in all common or public areas of EDPA courthouses remain in effect, and physical distancing signage and markers remain in place. While the Court remains in Phase Two, it will also remain in the initial test period for jury trials under the Initial Guidelines for the Reinstitution of Jury Trials, during which only one criminal trial may be conducted at a time.

The Chief Judge stated that "the Court anticipates that only a limited number of criminal jury trials will be held through September 7, 2021. During this period, trials will continue to be scheduled on a staggered basis in accordance with the master list maintained by the Court or based on such other criteria as may be developed by the Court."

In each Standing Order dating back to March 13, 2020, the Chief Judge found that the period of delay in each continued case shall be excluded under the Speedy Trial Act, as the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial.  In the most recent Standing Order, on June 7, 2021, echoing its earlier rulings excluding all time under the Speedy Trial Act since March 13, 2020, the Chief Judge stated:

> Considering the foregoing, the Court concludes that, as jury trials proceed on the limited basis described above, with the current health and safety protocols and limitations in place, it is essential that the Court at the same time find and conclude that resulting trial delays are excludable time under the Speedy Trial Act, as proceeding otherwise will result in an untenable situation requiring multiple trials to be scheduled to occur simultaneously. That would be contrary to applicable public health guidance, would negatively impact jurors, Court personnel, counsel, and witnesses, and would likely also interfere substantially with the trial process, including an accused defendant's right to a fair trial.

It is therefore ORDERED that the time period from June 7, 2021, through the date trial

commences consistent with the applicable health and safety protocols and limitations or September 7, 2021, whichever is earlier, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all criminal cases in this district. The Court finds the ends of justice served by continuances that will be necessary in those cases outweigh the best interest of the public and each defendant in a speedy trial because, given the ongoing circumstances regarding COVID-19 in this district, the Court's health and safety protocols and limitations remain necessary at this time and the resumption of jury trials without these health and safety protocols and limitations prior to September 7, 2021, would jeopardize public health and safety and pose significant risks of exposure and transmission of the virus to trial participants, which would make continuation of a trial impossible or result in a miscarriage of justice. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 13, 2020, through June 7, 2021. The Court may extend the period of exclusion by further order as circumstances may warrant, and the presiding judge in any criminal case for which trial will be continued based on this Standing Order may make any additional findings and exclude additional time, as necessary and appropriate, regarding the scheduling of any new date for trial. Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge for disposition.

The findings of the Chief Judge are hereby adopted and incorporated into the record in this case, and those findings, together with the designation of this case as complex, warrant exclusion under the Speedy Trial Act of any delay until the scheduled date for trial.

2.   Structure and Sequence of Trial

As an initial matter, the Government's request that the Court reconsider its order of severance is denied, as I remain convinced that severance was properly granted.

The Defense's suggestion that Defendants Johnson and Chavous be tried alone on Counts 9 and 10 lacks merit. Defendants Islam and Dawan were also named in those Counts and I have previously determined that they were properly joined.  I fail to see any unusual risk of prejudice from four defendants being tried together on counts on which they were jointly indicted. The severance granted adequately protects Defendants' rights.

The Government's suggestion that Islam and Dawan first be tried on every Count except 9 and 10 imposes on them the burden of two separate trials and undermines judicial economy. Its alternative suggestion of a bifurcated proceeding, with all four defendants tried first on Counts 9

4

and 10, followed by a continuation of trial before the same jury on the remaining Counts, is the most efficient way to balance the needs of all parties with maximum efficiency. I have considered and reject the argument that such a structure creates issues of double jeopardy as to Defendants Islam and Dawan. The principal drawback to a bifurcated proceeding is the demands placed on the jury, but that is offset by the efficiency gained in having a single jury resolve the entire case. I have also considered the objections of Johnson and Chavous about the potential impact of pandemic precautions, but find the concerns raised exaggerated, particularly in light of the date when I expect trial to commence.

An order will be entered. setting trial for early February, structured as described above.


_____/s/ Gerald Austin McHugh_____
United States District Judge