**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 20-45** |
| **ABDUR RAHIM ISLAM** | : | |
| **SHAHIED DAWAN** | | |
| **KENYATTA JOHNSON** | : | |
| **DAWN CHAVOUS** | | |

**<u>GOVERNMENT'S MOTION TO UNSEAL</u>**

The United States of America, by and through its attorneys, Jennifer A. Williams, United

States Attorney for the Eastern District of Pennsylvania, and Eric L. Gibson and Mark B.

Dubnoff, Assistant United States Attorneys, hereby moves to unseal four motions *in limine* filed

by defendants Kenyatta Johnson and Dawn Chavous and the defendants' motions to seal their

motions *in limine*. As explained below, there is a presumption of public access to each of the

defense filings, and neither Johnson nor Chavous has demonstrated that this presumption is

outweighed by any privacy interests.

I.    **<u>Background</u>**

On January 28, 2020, a federal grand jury returned a 22-count, 42-page indictment

against defendants Abdur Rahim Islam, Shaied Dawan, Kenyatta Johnson, and Dawn Chavous,

which included charges of RICO conspiracy, bribery, honest services fraud, wire fraud, and tax

offenses. ECF No. 1. On January 29, 2021, this Court granted a joint motion for severance filed

by defendants Johnson and Chavous and ordered that Counts Nine and Ten, which charged all

four defendants with honest services wire fraud, be severed from the remaining counts and tried

separately. ECF No. 77.

On October 14, 2021, this Court entered an Order stating that it would hold a bifurcated trial, with the first phase consisting of all four defendants being tried on Counts Nine and Ten, and the second phase consisting of Islam and Dawan being tried on the remaining counts. ECF No. 108. On October 20, 2021, this Court entered a Scheduling Order, which stated that trial would commence on February 1, 2022. ECF No. 111. The Order also set a deadline of January 4, 2022, for the filing of motions *in limine*. *Id.*

On January 4, 2022, defendant Johnson filed a motion to seal what he called a "Motion to Exclude Evidence Relating to Purported Violation of Ethics Laws." ECF No. 127. Defendant Chavous, meanwhile, filed motions to seal three motions *in limine*: a "Motion *in Limine* to Exclude Testimony and Other Evidence Regarding a Document Production Oversight"; a "Motion *In Limine* to Exclude Testimony And Other Evidence That Ms. Chavous Deleted E-Mails From Her Personal Gmail Account"; and a "Motion *in Limine* to Exclude Testimony and Other Evidence Pertaining to Ms. Chavous' Finances." ECF Nos. 117-119. On January 5, 2020, this Court entered Orders granting all four motions to seal. *See* ECF No. 133-135, 140. *See also* ECF No. 138 (referencing a sealed motion by defendant Johnson); Nos. 120-122 (referencing three sealed motions by defendant Chavous).

On January 7, 2022, this Court held a telephone conference with all counsel to address the government's motion to continue the trial in light of the current wave of the COVID-19 pandemic. ECF No. 147. At the end of the telephone conference, government counsel advised the Court all four above-referenced motions to seal were based on misinterpretations of the discovery Protective Order in this case (ECF No. 26) and the Local Criminal Rules governing grand jury proceedings.

The government now moves to unseal these motions *in limine* and the motions to seal.

## II.    <u>Argument</u>

The Third Circuit has repeatedly stated that there is a public right of access to judicial documents in a criminal case, both under the First Amendment, *see, e.g.*, *United States v. Thomas*, 905 F.3d 276, 282 (3d Cir. 2018) (plea documents); *In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 95 (3d Cir. 1990) (transcripts of chambers and sidebar conferences); *United States v. Smith*, 776 F.2d 1104, 1112 (3d Cir. 1985) (indictments, informations, and bills of particulars), and under the common law, *see, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) ("judicial proceedings and records"); *United States v. Smith*, 776 F.2d 1104, 1110 (3d Cir. 1985) ("The common law right of access is not limited to evidence, but rather encompasses all 'judicial records and documents' . . . . It includes 'transcripts, evidence, pleadings, and other materials submitted by litigants'") (citations omitted); *United States v. Criden*, 648 F.2d 814 (3d Cir. 1981) (videotapes submitted in evidence).

"A 'judicial record' is a document that 'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.' . . . Once a document becomes a judicial record, a presumption of access attaches." *In re Avandia Mktg.*, 924 F.3d at 672 (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)).

To justify sealing of a document under either standard, a similar rule applies. Under the First Amendment, strict scrutiny applies. "A district court sealing a criminal record must make 'particularized findings . . . on the record in each case, (1) establishing the existence of a compelling governmental interest, and (2) demonstrating that absent limited restrictions upon the

right of access, that other interest would be substantially impaired.'" *Thomas*, 905 F.3d at 282 (quoting *United States v. Antar*, 38 F.3d 1348, 1359 (3d Cir. 1994)).

Likewise, to overcome the common law right and presumption of access, a party moving to seal a judicial document must show "that the material is the kind of information that courts will protect[,] and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted). To overcome that strong presumption, the Court must articulate the compelling interest to be protected and make specific findings on the record concerning the effects of disclosure. *In re Avandia Mktg.*, 924 F.3d at 672-73 (citing *In re Cendant Corp.*, 260 F.3d at 194).

A party seeking to overcome the presumption of public access to judicial records bears the burden of showing "that the interest in secrecy outweighs the presumption." *In re Avandia Mktg.*, 924 F.3d at 672 (quoting *Bank of Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 344 (3d Cir. 1986)). In this case, therefore, there is a presumption of public access to each of the four motions *in limine* that defendants Johnson and Chavous moved to seal, and each defendant bears the burden of showing that an interest in secrecy outweighs the presumption.

With regard to Johnson's motion, there is a presumption that the public is entitled to know why a sitting Philadelphia City Councilmember is seeking to preclude the jury from considering evidence relating to his purported violation of ethics laws. ECF No. 127. Notably, the public already has access to the allegations in the indictment that Johnson violated ethics laws, including the specific allegations that:

- Defendant Johnson has been married to defendant Chavous since December 2011 (ECF No. 1 at 4, ¶ 7);

4

- In or around May 2013, defendant Chavous, operating as Chavous Consulting, entered into a contractual agreement with "Universal Companies" (*id.* at 12, ¶ 31), which was comprised of Universal Community Homes ("UCH") and Universal Education Companies ("UEC") (*id.* at 1-2, ¶ 1);

- This contract lasted until in or around October 2014 (*id.* at 12, ¶ 31);

- Chavous submitted five invoices to defendants Islam and Dawan, requesting payment under her contract with Universal Companies, and Chavous received five corresponding checks drawn on a UCH account, which had a total value of $66,750 (*id.* at 12, ¶ 32);

- On or about October 22, 2014, Chavous deposited a check from Universal Companies, in the amount of $17,250 (*id.* at 13, ¶ 38);

- The next day, October 23, 2014, defendant Johnson attended a refresher course on Ethics Training for members of the Philadelphia City Council, which specifically addressed conflicts of interest (*id.* at 13, ¶ 39);

- Despite having attended that ethics course, on October 30, 2014, defendant Johnson introduced a zoning ordinance that specifically benefitted UCH by proposing a change in the zoning requires for the Royal Theater, (*id.* at 13-14 ¶ 40), a property owned at the time by UCH (*id.* at 9-12, ¶¶ 24-30);

- Johnson did not disclose the financial and contractual relationship between and among Chavous, Islam, Dawan, and Universal Companies to members of City Council, his staff, or other officials with the City of Philadelphia (*id.* at 14 ¶ 41); and

- Johnson also did not recuse himself from participating in the zoning legislation to benefit Universal Companies (*id.* at 14, ¶ 42).

With regard to Chavous' three motions *in limine*, there is a presumption that the public is entitled to know why she is seeking to preclude the jury from considering evidence regarding "a document production oversight," ECF No. 117; her deletion of emails from her personal Gmail account, ECF No. 118; and her finances. ECF No. 119. The defendants have not met their respective burdens of showing that these presumptions of public access to their motions *in limine* should be outweighed by any interests in secrecy.

5

The Protective Order does not require the impoundments of their motions. Paragraph 3 of that Order states only that with respect to any public filing of materials obtained in discovery, the parties must comply with Fed. R. Crim. P. 49.1 as it relates to materials containing personally identifying or sensitive information, such as Social Security numbers, names of minor children, dates of birth, and financial account numbers. ECF No. 26, ¶ 3. Thus, to the extent the defendants wish to provide the Court with information obtained during discovery, they can do so, as long as they redact any personal identifying and sensitive information from their public filings. *See* Fed. R. Crim. P. 49.1. Nothing in the Protective Order or Rule 49.1 requires the filing of entire documents under seal.[1]

The defendants also need not worry that their motions *in limine* violate Rule 6.1(c) of the Local Criminal Rules for the United States District Court for the Eastern District of Pennsylvania. Local Rule 6.1(c), by its terms, applies only to "legal proceedings relating to grand jury investigations, including, but not limited to, motions to quash, limit, modify, or enforce a grand jury subpoena." L.R. 6.1(c). In other words, Local Rule 6.1 applies to disputes before the grand jury judge. It does not apply to proceedings unrelated to grand jury investigations, such as trials.

---

[1]      Rule 49.1 states in relevant part:

**(a) Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual, a party or nonparty making the filing may include only:
   (1) the last four digits of the social-security number and taxpayer-identification number;
   (2) the year of the individual's birth;
   (3) the minor's initials;
   (4) the last four digits of the financial-account number; and
   (5) the city and state of the home address.

Fed. R. Crim. P. 49.1(a).

Nor should the defendants be concerned about the potential impact that the publication of their motions *in limine* will have on their ability to pick a jury and have a fair trial. It is standard practice in this Court to ask potential jurors during *voir dire* whether they have heard anything about the case for which they might be impaneled. If any potential juror answers affirmatively, that person is then asked what that person has heard about the case and if such information would impact the person's ability to render a fair and impartial verdict. Potential jurors who have already heard about the case and cannot be impartial are stricken from the panel.

Lastly, to the extent the defendants' motions to seal are based on arguments that their motions *in limine* should be granted, they are conflating two different issues. Whether evidence can be presented to a jury is a different inquiry than whether the public should have access to judicial proceedings. By filing their motions *in limine*, the defendants invited public scrutiny of their efforts to keep a jury from hearing evidence that:

- Defendant Johnson violated state and local ethics laws by: (i) introducing and voting for zoning ordinances to benefit Universal Community Homes, which had paid more than $66,000 to Chavous Consulting; and (ii) failing to disclose his wife's employment by Universal to anyone else in City government;

- Defendant Chavous failed to produce a document obviously responsive to a grand jury subpoena directed to Chavous Consulting;

- Defendant Chavous intentionally deleted two years' worth of emails from her personal email account; and

- Defendant Chavous had financial difficulties in early 2015, almost immediately after she stopped receiving the payments from Universal.

The public is entitled to know why the defendants are seeking to prevent the jury from considering such evidence. Likewise, the public is entitled to know whether the government will oppose these defense motions, and if so, on what grounds. Finally, if there is a dispute over the

admissibility of such evidence, the public is entitled to have access to any decision by this Court resolving the issues. By filing their motions to seal, the defendants have also invited public scrutiny into their efforts to hide such evidence from the public, especially as it relates to an elected official, such as defendant Johnson.

**III.    <u>Conclusion</u>**

For all the foregoing reasons, the government respectfully submits that this Court should reconsider and reverse its rulings granting defendants' motions to seal their motions *in limine* (ECF Nos. 133, 134, 135, 140). The defendants' motions *in limine* (ECF Nos. 120, 121, 122, 138) and their motions to seal their motions *in limine* (ECF Nos. 117, 118, 119, 127) should all be unsealed. If the defendants need to partially redact some of their filings in order to comply with Fed. R. Crim. P. 49.1, the defendants should have two business days to substitute partially-redacted documents for the documents presently on file.

Respectfully submitted,

JENNIFER A. WILLIAMS
United States Attorney

s/ *Mark B. Dubnoff*
ERIC L. GIBSON
MARK B. DUBONFF
Assistant United States Attorneys

Dated: January 12, 2022

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following counsel of record electronically and via ECF.

David M. Laigaie
Joshua David Hill
Jessica Southwick
Eckert Seamans Cherin & Mellott LLC
Two Liberty Pl
50 South 16th St 22nd Fl
Philadelphia, PA 19102
*Counsel for Abdur Rahim Islam*

Thomas O. Fitzpatrick
Mincey Fitzpatrick Ross, LLC
1650 Market Street
36th Floor
Philadelphia, Pa 19102
*Counsel for Shahied Dawan*

Patrick J. Egan
Nathan Huddell
Stephanie Ohnona
Fox Rothschild LLP
2000 Market Street 20th Floor
Philadelphia, PA 19103
*Counsel for Kenyatta Johnson*

Barry Gross
Elizabeth Casey
Faegre Drinker Biddle & Reath LLP
One Logan Square
Ste 2000
Philadelphia, PA 19103
*Counsel for Dawn Chavous*

/s/   Mark B. Dubnoff
MARK B. DUBNOFF
Assistant United States Attorney

Dated:  January 12, 2022

9