IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-45 |
| ABDUR RAHIM ISLAM<br>SHAHIED DAWAN<br>KENYATTA JOHNSON<br>DAWN CHAVOUS | : <br><br>: | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION
TO PERMIT USE OF A WRITTEN *VOIR DIRE* QUESTIONNAIRE**

The United States of America, by and through its attorneys, Jennifer A. Williams, United States Attorney for the Eastern District of Pennsylvania, and Eric L. Gibson and Mark B. Dubnoff, Assistant United States Attorneys, responds in opposition to the defendants' motion seeking permission to use a written *voir dire* questionnaire. In support of its opposition, the government states as follows.

I. **BACKGROUND**

A. **Questionnaires Generally**

As we previously noted, Federal Rule of Criminal Procedure 24 vests in district courts broad discretion to control the nature and extent of the examination of potential jurors. Fed. R. Crim. P. 24; *see Mu'Min v. Virginia*, 500 U.S. 415, 424 (1991). We recognize that this discretion extends to the decision to submit a jury questionnaire to prospective jurors prior to trial. *See United States v. Martinez-Salazar*, 528 U.S. 304, 308 (2000) ("Prior to jury selection, the District Court gave the prospective jurors a written questionnaire."). However, typically, courts in this district do not employ jury questionnaires, nor are they permitted as vehicles for an overly

1

intrusive, irrelevant inquiry into the personal lives of prospective jurors. *See United States v. Serafini*, 57 F. Supp. 2d 108, 112 (M.D. Pa. 1999) (*voir dire* must not be "an overly intrusive inquiry into the private affairs of prospective jurors for the purposes of obtaining personality profiles or molding the jury in a way that the jury will be receptive to counsel's case"). *See also Schlinsky v. United States*, 379 F.2d 735, 738 (1st Cir. 1967) ("the purpose of the *voir dire* is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that [counsel] believes appropriate for [counsel's] case").

    **B. COVID-19**

On January 4, 2022, the government filed an unopposed motion to employ a written questionnaire to the prospective jurors prior to the substantive *voir dire*. ECF No. 125. As argued in that motion, the use of a questionnaire in the pandemic context is intended "to identify persons who should not or cannot participate as jurors in the trial for reasons related to COVID-19." *Id*. at 1. Moreover, pandemic-related questioning prior to jury selection may successfully "narrow the number of prospective jurors brought to the courtroom for in-person *voir dire* [and] may [therefore] aid the process of impaneling an impartial jury under the circumstances of this case" while simultaneously "alleviating concerns about large, indoor concentrations of persons during the pandemic." *Id*.

Since Federal Rule of Criminal Procedure 24(a) permits the Court to examine prospective jurors, such an examination logically must include whether the juror presents any health condition that may interfere with service. Further, the law provides that the Court may excuse any prospective juror, in part, "upon a showing of undue hardship or extreme inconvenience," or "on the ground that . . . his service as a juror would be likely to disrupt the proceedings . . . ." 28 U.S.C. § 1866(c).

Questioning regarding COVID-19 and vaccination status is required to prevent extreme inconvenience, in the form of a threat to the health of the trial participants, and disruption of the proceedings. The Centers for Disease Control and Prevention (CDC) states that the vaccines approved for emergency use with respect to COVID-19 have proven effective in reducing the risk of infection from COVID-19. With respect to the Delta variant, the CDC advises: "The greatest risk of transmission is among unvaccinated people who are much more likely to get infected, and therefore transmit the virus. Fully vaccinated people get COVID-19 (known as breakthrough infections) less often than unvaccinated people." https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (accessed Dec. 19, 2021).

Any COVID-19 infection of a sitting juror would place at risk the health of all trial participants, including other jurors, court personnel, counsel, and spectators. Further, such an infection would likely severely disrupt the proceedings, requiring the dismissal of jurors, likely continuances, and even possibly a mistrial. Thus, any measure that possibly reduces the risk of infection is a vital necessity.

While the questionnaire directed at the dangers and potential disruptions associated with COVID-19 is needed to protect the health and safety of trial participants, the same certainly cannot be said of the defendants' proposed "substantive" questionnaire.

C. The Defendants' Proposed Questionnaire

The essential function of *voir dire* is to allow the impaneling of a fair and impartial jury through questions that permit intelligent exercise of challenges by counsel. *United States v. Barnes*, 604 F.2d 121 (2d Cir. 1979). Rather than exploring prospective jurors' qualifications for jury service, however, the defendants' proposal appears to be a deliberate attempt to inject

various defense theories into the *voir dire* process as an exercise in advocacy. For example, questions 19(q) through 19(t), related to sexism and racism in the job market, and are wholly irrelevant to any issue presented in a trial of the instant indictment. *See* ECF 129-1 at 6. While not relevant to the charges, the proposed questions are consistent with the defendants' attempt to attribute improper motives to the prosecutors for indicting this case in the first place. *See* ECF No. 126 at 1-3.[1] Since this case has been indicted, defendants Johnson and Chavous, in particular, as well as counsel for Chavous and other associates of the defendants have made statements to the media suggesting that the defendants may attempt to argue to the jury that the charges are motivated by some unspecified political or discriminatory agenda on the part of the prosecutors. *Id*. This Court should not permit a juror questionnaire to be used as a vehicle for planting these unsupported allegations in the minds of potential jurors. The Court's existing *voir dire* practice is sufficient to address the substantive issues presented by this case.

Additionally, the length and breadth of the detail sought by the defendants into the personal lives of the jurors is also unnecessary and overly intrusive. For example, the defendants' questionnaire seeks information about the prospective jurors' children, including their age, occupation, and residency. ECF No. 129-1.

---

[1] It is well-established that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). A defendant accusing the prosecutors of improper motivations in seeking an indictment bears a heavy burden. To establish that the decision to prosecute was not based on the usual determinative factors, the defendant must make "a substantial threshold showing of an improper motivation on the prosecutor's part." *United States v. Mariani*, 121 F. Supp. 2d 803, 809 (M.D. Pa. 2000) (quoting *United States v. Difeaux*, 163 F.3d 725, 729 (2d Cir. 1998)). It is no accident that the defendants have not even tried to obtain pretrial relief from the Court with such unsupported allegations. Rather, they resort to extra-judicial comments to the public and insinuation in the *voir dire* process with their proposed questionnaire.

> [The prospective jurors'] privacy rights—'to be let alone'—are not, of course, absolute. Their jury service does expose them to some searching inquiry as to such matters as their ability to be fair, their absence of preconceived, fixed opinions. But there must be some balance, some drawing the line, and when hard-charging counsel are in hot pursuit of every little empirical nugget they get their eyes on, it is the trial judge who must, *sua sponte*, reign them in and give the jurors some protection.

*United States v. McDade*, 929 F. Supp. 815, 817–818 (E.D. Pa.1996). The defendants' questionnaire ignores these concerns and goes well beyond meaningful inquiry and casts aside the prospective jurors' legitimate rights to privacy. "[A]s the connection between the *voir dire* question and matters of actual bias or fair-mindedness becomes attenuated, the intrusion into the prospective juror's personal and private thoughts cannot be sanctioned. And when the inquiry has no obvious relevance to actual bias or fair-mindedness, the inquiry should be disallowed." *United States v. Serafini*, 57 F. Supp. 2d 108, 112 (M.D.P.A. 1999).

  WHEREFORE, the government respectfully opposes the use of the defendants' proposed written questionnaire during jury selection.

            Respectfully submitted,

            JENNIFER ARBITTIER WILLIAMS
            United States Attorney

            */s/ Eric L. Gibson*
            ERIC L. GIBSON
            MARK DUBNOFF
            Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

Dated: January 18, 2022

/s/ Eric L. Gibson
ERIC L. GIBSON
Assistant United States Attorney