IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 20-45 |
| : | |
| ABDUR RAHIM ISLAM : | |
| SHAHIED DAWAN : | |
| KENYATTA JOHNSON : | |
| DAWN CHAVOUS : | |

## ORDER

This 18th day of February, 2022, it is hereby **ORDERED** as follows:

1) The Government's Motion for a Written Jury Questionnaire Regarding Covid-19, ECF 125, is **GRANTED** as unopposed.[1]

2) Defendants' Joint Motion to Permit Use of a Written Voir Dire Questionnaire, ECF, 129, is **DENIED.** The concerns raised in the questionnaire will be adequately addressed by questions posed to the *venire* by the Court.

3) The Government's Motion to Preclude Defendants from Arguing Jury Nullification or Prior Good Acts, ECF 126, is **DENIED**, without prejudice to the Government's right to raise appropriate objections at trial.

4) The Government's Motion to Restrict Cross-Examination of Government Witnesses, ECF 136, is **GRANTED,** without prejudice to Defendants' right to revisit the issue at

---

[1] The Court will reconsider the need for such a questionnaire at the time of trial.

trial.

5) The Government's Motion to Admit Certain Evidence in Phase One of Trial, ECF, 130, and the corresponding Defense motions to limit such testimony, ECF 124, 128, 152, and 153, are **GRANTED** in part and **DENIED** in part.  To prove motive, the Government may present evidence of Universal's financial status, to include financial problems stemming from its undertakings in Milwaukee. The Government may also present evidence as to Defendants Islam and Dawan's personal financial interest in having Universal survive and succeed, to include the introduction of specific amounts of money received by them from Universal's accounts. The Government shall not in Phase I introduce evidence that any such payments were unlawfully obtained or received.  Nor shall the Government introduce any further evidence under Federal Rule of Evidence 404 (b).

6) The Joint Motion of Defendants Chavous and Johnson Seeking Notice Pursuant to F. R. B. 404 (b), ECF 113, is **DENIED** as moot, by virtue of the disclosures set forth in the Government's motion to admit evidence, ECF 130, and the Court's ruling set forth above in paragraph 5 of this Order.

7) Defendant Islam's Motion to Compel Production, ECF 123, is **DENIED.**  The report of the IRS Special Agent is privileged as work product, and Defendant has not established a basis to set aside the privilege. Nor has Defendant established that the report constitutes exculpatory evidence under *Brady v. Maryland.*

8) Defendant Islam's Motion *in Limine* to Bar Inadmissible Evidence, ECF 124, is **DENIED,** without prejudice to Defendant's right to raise specific objections at trial. Specifically, the Government is not precluded from making reference to Mr. Islam's education and professional credentials, or from citing to Universal's organizational documents, policies, memos, or internal procedures where relevant to Mr. Islam's conduct.

9) Defendant Chavous's Motion to Exclude Testimony Regarding Her Finances, ECF 120, is **GRANTED** in part and **DENIED** in part.  The Government is granted leave to present testimony and evidence regarding Ms. Chavous' financial situation through the end of 2014; before presenting testimony or introducing evidence from 2015, the Government shall first make an offer of proof for the court to determine relevance and possible prejudice.

10)  Defendant Chavous's Motion to Exclude Testimony Regarding Document Production, ECF 121, is **DENIED** as moot, without prejudice to the Government's ability to revisit the issue at trial.

11)  Defendant Chavous's Motion to Exclude Testimony and Other Evidence Regarding Deleted Emails, ECF 122, is **DENIED.**  The Government has provided a sufficient evidentiary foundation to allow for the jury's assessment of the significance of such deletions, if any. Defendant Johnson's Motion to Strike the Government's Supplemental Filing, ECF 192, is **DENIED,** without prejudice to Defendants' right to object at trial to the admission of certain background facts as unduly prejudicial.

12) Defendant Johnson's Motion to Exclude Evidence Pertaining to Purported Violations of Ethics Laws, ECF 138, is **GRANTED** in part and **DENIED** in part. No witness shall opine as to the existence of any violations of ethics laws. No testimony shall be permitted as to the City's Ethics Code. Limited testimony as to the provisions of Pennsylvania's Public Official and Employee Ethics Act will be permitted, as well as testimony to whether the provisions of the state Act were made known at ethics training programs for City officials, with the Court providing appropriately strong cautionary instructions.

13) To the extent not previously approved, all pending motions to seal are **GRANTED**. Defendants' Joint Motion to Unseal, ECF 179, and the Government's Motion to Unseal, ECF 151, are **DENIED pro tempore**, with the expectation that all entries on the docket, except for privileged personal identifiers, will be unsealed at the conclusion of trial.

    /s/ Gerald Austin McHugh
    United States District Judge