**LAW OFFICE OF PETER GOLDBERGER**
50 Rittenhouse Place
Ardmore, PA 19003-2276

| *Of Counsel:* | (610) 649-8200 | Peter Goldberger |
| Anna M. Durbin | FAX (610) 649-8362 | Pamela A. Wilk |
| | E-mail peter.goldberger@verizon.net | |

March 28, 2022
**Via ECF**

Hon. Gerald A. McHugh
United States District Judge
9613 United States Courthouse
601 Market Street
Philadelphia, PA  19106-1744

Re: <u>United States v. Abdur Rahim Islam, et al.</u>
No. 20-CR-45

Dear Judge McHugh:

Along with David Laigaie of Eckert Seamans, I represent defendant Islam. I write to advise the Court that we join in the analysis presented by defendant Chavous in her memorandum filed March 27 (DE 227) concerning the relevance of certain evidence to which the government has objected. The Chavous memorandum accurately discusses the state of the law, under Supreme Court and Third Circuit precedent, defining the intent aspect of the *quid pro quo* element of the bribery theory of honest services fraud. As applied to Mr. Islam (or Mr. Dawan) this means that the government's burden on Counts Nine and Ten is to prove, beyond a reasonable doubt, that in causing Universal to engage Ms. Chavous and to pay her as a consultant, Mr. Islam intended that Councilmember Johnson, in exchange, would be influenced by those payments to take official action "that he would not otherwise take." *United States v. Wright*, 665 F.3d 560, 568 (3d Cir. 2012).

Evidence that Mr. Islam (or Mr. Dawan) believed that Mr. Johnson had already decided to – or even that he was merely likely to – support the projects that Universal favored is relevant, even if not conclusive, to *the Universal defendants'* lack-of-corrupt-intent defense. The government's burden on elements of the offense, of course, is by proof beyond a reasonable doubt. The issue we are considering here concerns an element, not any sort of "defense" on which the defendants have any burden. Evidence a defendant seeks to have admitted is "relevant" if it would have *any logical tendency* to induce even a single juror to harbor reasonable doubt about an element of a charged offense (which is a paradigm "fact [that is] of consequence in determining the action," Fed.R.Evid. 401(b)), as to any one (or more) of the defendants. And all evidence is admissible if it is at all relevant and not otherwise excluded by a more specific provision. Rule 402.  Indeed, the defendants' Sixth Amendment "right to present a defense" puts a constitutional thumb on the scales in their favor in this

regard. See *Holmes v. South Carolina*, 547 U.S. 319, 324–27 (2006). The evidence offered by the defendants, by itself, does not have to "prove" anything. The government's own case relies on inferences, not direct evidence, to prove the defendants' criminal intent. Any evidence suggesting the contrary is equally admissible. *United States v. Green*, 617 F.3d 233, 251 (3d Cir. 2010) (addressing evidence suggesting "bias" and "lack of bias" as equally relevant and equally admissible).

The defense proposes to offer evidence that Mr. Islam knew or believed, prior to and during the Chavous engagement, that Councilmember Johnson (a) was in general a staunch supporter of Universal; (b) was in general pro-growth and pro-development; and/or (c) generally supported development projects when significant elements of the relevant community supported those projects. This evidence, if believed by the jury (or by one or more jurors) would have a logical tendency to make less likely (and thus to generate reasonable doubt concerning) any inference that Mr. Islam intended improperly to influence the Councilmember to support any Universal project by hiring Ms. Chavous in a capacity for which she was eminently qualified. This evidence is relevant for the same reason that the government's evidence that some community members *opposed* one or the other project may be relevant, but is not conclusive. (An elected official has to balance competing interests and preferences, including differing constituents, and cannot expect to please everyone at all times.)

All evidence of Universal's past and present relationship with the Councilmember, and of Mr. Islam's knowledge of that relationship (or Mr. Dawan's), is relevant to the jury's task of determining whether either of them intended improperly to influence Mr. Johnson, as alleged in Counts Nine and Ten, and in particular whether such intent has been proven beyond a reasonable doubt. "Without the knowledge, the intent cannot exist." *Ingram v. United States*, 360 U.S. 678 & 680 (1959) (quoting earlier authority).

                              Respectfully,

                              PETER GOLDBERGER
                              Co-Counsel for Defendant Islam

cc:  All counsel (via ECF)