**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:20-cr-00045-GAM |
| ABDUR RAHIM ISLAM<br>SHAHIED DAWAN<br>KENYATTA JOHNSON<br>DAWN CHAVOUS | JUDGE MCHUGH |
| Defendants. | |

**MOTION OF DEFENDANT SHAHIED DAWAN
FOR A JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

Defendant Shahied Dawan, by and through his undersigned counsel, hereby moves, pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure ("Rule 29") for a judgment of acquittal because the Government failed to present evidence at trial sufficient to sustain a conviction for the charges against Defendant Dawan in counts Nine and Ten of the Indictment.

The Government has failed to present evidence sufficient to satisfy the elements for conspiracy to commit racketeering, honest services fraud, use of intestate facility to further racketeering, and wire fraud brought in counts Nine and Ten of the Indictment as against Defendant Dawan.  Specifically, and as set forth more fully below, the Government failed to present evidence sufficient to show that Mr. Dawan conspired to have anyone commit any "official act" as required under *McDonnell v. United States*, 579 U.S. 550, 136 S.Ct. 2335 (2016).  Mr. Dawan had no part beyond that which is generally expected of a Chief Financial Officer in the decision to hire Dawn Chavous as a consultant. The government has failed to present evidence that Mr. Dawan had any authority or involvement in contract management, beyond the expected duties of a CFO to ensure payment of submitted invoices. The government

1

failed to show that Mr. Dawan played any role in contract negotiations or acquisition of Dawn

Chavous' services other than ensure that Universal's payment obligations were met.

Additionally, the Government failed to present sufficient evidence to show that Ms. Chavous

accepted things of value to influence Councilmember Johnson in taking any purported official

acts. Furthermore, the Government failed to present evidence sufficient to show that Defendant

Dawan acted with the requisite intent to influence or to be influenced.

Accordingly, and for the reasons set forth herein, Defendant Dawan respectfully request

that the Court enter a judgment of acquittal on all charges against him.

**ARGUMENT**

I.      **LEGAL STANDARD**

Pursuant to Rule 29, "after the government closes its evidence or after the close of all the

evidence, the [C]ourt on the defendant's motion *must* enter a judgment of acquittal of any offense

for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a) (emphasis

added).  Rule 29 further states that "[t]he [C]ourt may on its own consider whether the evidence is

insufficient to sustain a conviction."  *Id.*

In the Third Circuit, "[w]hen sufficiency of the evidence at trial is challenged, the Court

must affirm if a rational trier of fact could have found the defendant guilty beyond a reasonable

doubt and if the verdict is supported by substantial evidence." *United States v. Morris*, No.

CRIM.05-440-13, 2010 WL 3505131, at *2 (E.D. Pa. Sept. 2, 2010), *aff'd sub nom United States

v. Coles*, 558 F. App'x 173 (3d Cir. 2014) (citing *United States v. Bobb,* 471 F.3d 491, 494 (3d

Cir.2006)).  As a rational juror could not convict a defendant without substantial evidence, the

critical question in reviewing a Rule 29 motion is "whether any rational trier of fact could have

found proof of guilty beyond a reasonable doubt based on the available evidence."  *United States

v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005).  Specifically, the trier of fact must be able to find that

2

"the essential elements of the crime beyond a reasonable doubt." *United States v. Basley*, 357 F. App'x 455, 459 (3d Cir. 2009). *See also United States v. Bycer*, 593 F.2d 549, 550 (3d Cir. 1979) ("Inferences from established facts are accepted methods of proof when no direct evidence is available. *It is essential, however, that there be a logical and convincing connection between the facts established and the conclusion inferred.*") (emphasis added).

**II.   THE GOVERNMENT FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION OF MR. DAWAN ON COUNTS NINE AND TEN OF THE INDICTMENT.**

Mr. Dawan submits that the Government has failed to present evidence sufficient to demonstrate that Mr. Dawan conspired to give things of value—namely, the payments Universal made to Chavous Consulting in 2013 and 2014—to influence Councilmember Johnson in taking supposed official acts on behalf of Universal.

Mr. Dawan has been charged with for conspiracy to commit racketeering, honest services fraud, use of intestate facility to further racketeering, and wire fraud. The charges against him stem from Universal entering into a consulting contract with Chavous Consulting. The government alleges that during and after the period that the contract was in place—from approximately May 2013 through August 2014—Councilmember Johnson introduced an ordinance to rezone the Royal Theater and indicated he would not support reversion of a Bainbridge property owned by Uni-Penn, a joint venture in which Universal was a partner at the time.

Foremost, the record is entirely void of any evidence of Mr. Dawan having any involvement in the decision of Universal to contract with Chavous. The government has not presented a single document or elicited any witness testimony regarding a meeting or communication where any of the defendants proposed that in return for contracting with Chavous Consulting, Councilmember Johnson would take actions on Universal's behalf. Indeed, there is

3

no evidence whatsoever to connect Mr. Dawan to Dawn Chavous. Special Agent Richard J. Haag,

testified that Mr. Dawan did not have any personal relationship with Ms. Chavous.

The Government likewise has not proven intent.  In any prosecution for honest services

fraud under Section 1346 "intent is the determinant." *See United States v. Wright*, 665 F.3d 560,

568 (3d Cir. 2012); *see also United States v. Lynch*, 807 F. Supp. 2d 224, 232 (E.D. Pa. 2011)

("Bribery requires the specific intent to perform a quid pro quo . . . the Government must allege

and prove some facts from which a jury can infer that there was a specific intent to perform an

exchange.")  "The key to whether a gift [or payment] constitutes a bribe is whether the parties

intended for the benefit to be made in exchange for some official action." *See United States v.*

*Kemp*, 500 F.3d 257, 281 (3d Cir. 2007).  Accordingly, a prosecution for honest services fraud

requires: (1) that "the payor provided a benefit to a public official intending he will thereby take

favorable acts that he would not otherwise take;" and (2) "that the official accepted those benefits

intending, in exchange for the benefits, to take official acts to benefit the payor." *See Wright*, 665

F.3d at 568.

Here, the Government has elicited no direct evidence that Mr. Dawan was aware that

Universal supposedly retained Chavous Consulting's services from approximately May 2013

through August 2014 in order to bribe Councilmember Johnson.  Instead, the Government's

theory relies Dawan's performance of his job duties as evidence of his involvement in a criminal

conspiracy.  The record does not support that contention and, based on the evidence presented in

the government's case (or lack thereof), no rational juror could convict him beyond a reasonable

doubt.

On this record, the unsupported testimony of a single government agent is not sufficient

evidence for any rational juror to conclude that Mr. Dawan played any role in the decision to hire

Chavous Consulting and then make the logical leap that Ms. Chavous and Councilmember Johnson accepted payments to secure supposed official acts on behalf of Universal with respect to the Royal Theater and Bainbridge.   Accordingly, the government has not proven the charges against Mr. Dawan in Counts Nine and Ten.

**III.**     **CONCLUSION**

The Government has not and cannot meet its burden in proving beyond a reasonable doubt each element of the offenses charged against Defendant Dawan.  Accordingly, pursuant to Fed. R. Crim. P. 29, the Court must acquit Mr. Dawan.

Dated:  April 6, 2022                                    Respectfully submitted,

*/s/ Thomas O. Fitzpatrick*
Thomas O. Fitzpatrick
**MINCEY FITZPATRICK ROSS, LLC**
1650 Market Street, 36th Floor
Philadelphia, PA  19103
Phone:  (215) 587-0006
Fax:  (215) 587-0628

*Attorney for Defendant Shahied Dawan*

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas O. Fitzpatrick, hereby certify that on this day, the foregoing was filed electronically with the Case Management/Electronic Case Filing System ("CM/ECF") for the Federal Judiciary.  Notice of this filing will be sent to all parties by operation of the Notice of Electronic Filing system, and the parties to this action may access this filing through CM/ECF. Copies of this filing have also been sent to all parties of record via electronic mail.


Dated:  April 6, 2022                                    */s/ Thomas O. Fitzpatrick*
                                                          Thomas O. Fitzpatrick