

U.S. Department of Justice

*United States Attorney*

*Eastern District of Pennsylvania*

*Direct Dial: (215) 861-*
*Facsimile: (215) 861- 8618*
*E-mail Address:*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

April 17, 2022

The Honorable Gerald A. McHugh
United States District Judge
for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 9613
Philadelphia, PA  9106-1725

Re:     ***United States v. Rahim Islam, et al, 20-cr-45***

Dear Judge McHugh:

    We write in response to the Jury Communication # 14 and also the defendants' responses regarding the same query.

    Here, the government must, of course, prove a *quid pro quo* bribery scheme. However, in deciding whether the defendants engaged in a bribery scheme, the jury may consider any pertinent evidence, and the fact that the defendants when taking actions did not make certain disclosures is certainly probative of their state of mind.  *See* Jury Instruction Nos. 22, 23, 24, 25.  This Court has provided the jury with the elements of Honest Services Wire Fraud and intent to defraud.  *See* Jury Instruction Nos. 27, 28.

> "Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

*Id*.  An effort to conceal is probative of intent.   The proper course here in response to the jury's query is to refer them to the definitional instructions referred to above and remind them that their duty includes applying the principles of law provided by the Court to the facts as they determine them to be.  *See* Jury Instruction No. 1.

    Defendant Johnson suggests that the jury should be advised not to consider concealment of marriage at all because that fact is not stated in the indictment, even stating that consideration of this evidence would amount to a "constructive amendment" of the indictment.  This notion, that the government has to allege in the indictment all evidence pertinent to the intent of the defendants, is spurious.  Here, the indictment charged a bribery scheme that was furthered by concealment.  There is no requirement

that the indictment spell out every last act; the suggestion that the evidence introduced at trial somehow constructively amended the indictment is frivolous. Moreover, the indictment explicitly referenced acts of omission as part of the honest services scheme. Indictment at Count One, ¶¶ 37, 41 Counts Nine and Ten, ¶ 5.

                                              Respectfully submitted,

                                              s/ *Eric L. Gibson*

                                              Eric L. Gibson
                                              Mark B. Dubnoff
                                              Assistant United States Attorneys