IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO.   20-cr-45 |
| **ABDUR RAHIM ISLAM,** **SHAHIED DAWAN,** **KENYATTA JOHNSON, and** **DAWN CHAVOUS** | : : | |

## O R D E R

Upon application of the United States of America for an Order declaring this matter to be a complex case pursuant to Title 18, United States Code, Sections 3161(e) and (h)(7)(B)(ii), and requesting exclusion of time under the Speedy Trial Act, having concurred in the assertion that this matter is complex as defined in the statute, and upon consideration of the position of counsel for defendants, the Court having found that an Order granting a finding that the case is complex and that a continuance of time for trial beyond the Speedy Trial Act limits should be entered, and that the time period of the delay shall be excluded from the Speedy Trial Act limits within which a trial should commence, and for good and sufficient cause shown, it is HEREBY ORDERED that the motion is GRANTED.

IT IS FURTHER THE FINDING OF THIS COURT that a continuance of time for trial beyond the Speedy Trial Act limits is justified for the following reasons:

1. The twenty-two count Indictment alleges a wide-ranging racketeering conspiracy and related crimes including bribery, honest services fraud, multiple counts of wire fraud, and tax offenses.

2. Counts 9 and 10 charge all four defendants with honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, and are based on specific allegations that Islam and Dawan bribed Johnson, through Chavous, in return for Johnson using his office to

deliver a stream of benefits for Islam, Dawan, and Universal. The alleged wire fraud predicates are an October 16, 2014 email from Dawan to Islam, which forwarded a draft ordinance to change the zoning for the Royal Theater (Count 9); and an October 22, 2014 transmission by Wells Fargo Bank from a branch in Philadelphia to an out-of-state server of an electronic image of a check from Universal to Chavous Consulting, for $17,250 (Count 10).

3. Islam and Dawan are also charged with engaging in a corrupt scheme in which Michael Bonds, the former president of the Milwaukee Public Schools (MPS) Board of Directors, received approximately $18,000 in exchange for Bonds using his official position to take a series of official actions advantageous to Islam, Dawan, and Universal Companies.

4. Islam and Dawan are also alleged to have engaged in theft and embezzlement at Universal.

5. The Indictment also alleges that Islam and Dawan used Universal's funds to pay Islam excessive, inflated, or outright fraudulent reimbursements for "travel" or other purported "business expenses."

6. The indictment in this case was the result of an extensive, years-long investigation by federal agents of the Federal Bureau of Investigation and the Internal Revenue Service. As such, the discovery in this case is considerable, and includes numerous items seized during the execution of search warrants, numerous boxes of pertinent banking records from a variety of bank accounts, witness statements, extensive grand jury testimony, and additional business records and discoverable items. It includes approximately two million pages stored across seven (7) terabytes in electronic format and at least fifteen (15) bankers' boxes. According to the government, much of its proof involves extensive financial investigation and examination of banking records.

7. On February 13, 2020, this Court, upon motion of the parties, designated this matter complex finding that "it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself with in the time limits established under the Speedy Trial Act." ECF No. 28. Further, this Court found that the ends of justice outweighed the best interests of the public and the defendants in a speedy trial. *Id*.

8. On January 29, 2021, this Court granted a joint motion for severance filed by defendants Johnson and Chavous and ordered that Counts 9 and 10 would be tried separately from the other 20 counts. ECF No. 77. In an accompanying memorandum, the Court wrote that all defendants were "properly joined in this case," but Counts 9 and 10 must be severed from the remaining counts in the indictment to ensure that the jury considering whether Islam and Dawan bribed Johnson, does not hear the evidence that Islam and Dawan also bribed Bonds.

9. On October 14, 2021, the Court entered an Order stating that it would accept a proposal by the government to hold a bifurcated trial in front of a single jury "with all four defendants tried first on Counts 9 and 10, followed by a continuation of the trial before the same jury on the remaining Counts." ECF No. 108 at 4-5.

10. Jury selection in this matter commenced on March 21, 2022, and testimony began on March 24, 2022. The jury was charged on April 14, 2022. On April 20, 2022, after twenty days of trial, the jury announced that it deadlocked and upon motions of the defendants, a mistrial was declared.

11. The first trial last nearly a month. More than 25 witnesses were called by the government and the defense. In excess of 300 exhibits were introduced by the government. More than 60 exhibits were introduced by the defense. While Phase One of the trial was

completed with the jury unable to reach a verdict, Phase Two was not yet initiated when the jury was deadlocked and discharged upon motions of the defense.

        12.     Defendants and their counsel will need sufficient time to review again the extensive discovery in this matter, and conduct whatever additional examination or investigation they deem appropriate.

        13.     The defendants are aware that absent the designation of this case as "complex," they would have a right to be tried within seventy days of the declaration of a mistrial in connection with this matter, pursuant to 18 U.S.C. § 3161(e)(1).

        14.     Counsel for the government have conferred with counsel for the defendants. All counsel concur again that this matter is complex. Moreover, defense counsel do not oppose the filing of the government's motion and concur that the matter should be designated "complex" pursuant to the Order of this Court.

        15.     In light of these findings and given the nature of the case and its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act. A scheduling order setting a trial date, along with a schedule for motions, beyond the Speedy Trial Act limits will enable counsel for the defendants to adequately review the extensive discovery and voluminous transcripts, in excess of 3,000 pages, and numerous exhibits from the record of the first jury trial, and proceed to trial after proper preparation.

        16.     Pursuant to Title 18 U.S.C. §§ 3161(e) and (h)(7)(A), the ends of justice served by taking this action outweigh the best interests of the public and the defendant in a speedy trial.

        WHEREFORE, on this _____ day of May 2022, it is HEREBY ORDERED that

this matter is declared complex and trial in this matter is continued until <u>September 28 , 2022</u>.

BY THE COURT:

_____
GERALD A. McHUGH
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.   20-45 |
| ABDUR RAHIM ISLAM, SHAHIED DAWAN, | : | |
| KENYATTA JOHNSON, and DAWN CHAVOUS | : | |
| | : | |

## GOVERNMENT'S UNOPPOSED MOTION TO DESIGNATE THE CASE AS COMPLEX AND FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through its attorneys, Jennifer Arbittier Williams, United States Attorney for the Eastern District of Pennsylvania, and the undersigned attorneys, moves under 18 U.S.C. § 3161(h)(7) for a renewed designation of the case as complex and for an exclusion of time from Speedy Trial Act calculations based upon that complexity.

In support of the Motion, the government states the following:

1.  The twenty-two count Indictment alleges a wide-ranging racketeering conspiracy and related crimes including bribery, honest services fraud, multiple counts of wire fraud, and tax offenses.

2.  Counts 9 and 10 charge all four defendants with honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, and are based on specific allegations that Islam and Dawan bribed Johnson, through Chavous, in return for Johnson using his office to deliver a stream of benefits for Islam, Dawan, and Universal. The alleged wire fraud predicates

6

are an October 16, 2014 email from Dawan to Islam, which forwarded a draft ordinance to change the zoning for the Royal Theater (Count 9); and an October 22, 2014 transmission by Wells Fargo Bank from a branch in Philadelphia to an out-of-state server of an electronic image of a check from Universal to Chavous Consulting, for $17,250 (Count 10).

       3.      Islam and Dawan are also charged with engaging in a corrupt scheme in which Michael Bonds, the former president of the Milwaukee Public Schools (MPS) Board of Directors, received approximately $18,000 in exchange for Bonds using his official position to take a series of official actions advantageous to Islam, Dawan, and Universal Companies.

       4.      Islam and Dawan are also alleged to have engaged in theft and embezzlement at Universal.

       5.      The Indictment also alleges that Islam and Dawan used Universal's funds to pay Islam excessive, inflated, or outright fraudulent reimbursements for "travel" or other purported "business expenses."

       6.      The indictment in this case was the result of an extensive, years-long investigation by federal agents of the Federal Bureau of Investigation and the Internal Revenue Service.  As such, the discovery in this case is considerable, and includes numerous items seized during the execution of search warrants, numerous boxes of pertinent banking records from a variety of bank accounts, witness statements, extensive grand jury testimony, and additional business records and discoverable items.  It includes approximately two million pages stored across seven (7) terabytes in electronic format and at least fifteen (15) bankers' boxes.  According to the government, much of its proof involves extensive financial investigation and examination of banking records.

7. On February 13, 2020, this Court, upon motion of the parties, designated this matter complex finding that "it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself with in the time limits established under the Speedy Trial Act." ECF No. 28.   Further, this Court found that the ends of justice outweighed the best interests of the public and the defendants in a speedy trial.   *Id*.

8. On January 29, 2021, this Court granted a joint motion for severance filed by defendants Johnson and Chavous and ordered that Counts 9 and 10 would be tried separately from the other 20 counts. ECF No. 77.   In an accompanying memorandum, the Court wrote that all defendants were "properly joined in this case," but Counts 9 and 10 must be severed from the remaining counts in the indictment to ensure that the jury considering whether Islam and Dawan bribed Johnson, does not hear the evidence that Islam and Dawan also bribed Bonds.

9. On October 14, 2021, the Court entered an Order stating that it would accept a proposal by the government to hold a bifurcated trial in front of a single jury "with all four defendants tried first on Counts 9 and 10, followed by a continuation of the trial before the same jury on the remaining Counts." ECF No. 108 at 4-5.

10. Jury selection in this matter commenced on March 21, 2022, and testimony began on March 24, 2022.   The jury was charged on April 14, 2022.   On April 20, 2022, after twenty days of trial, the jury announced that it deadlocked and upon motions of the defendants, a mistrial was declared.

11. The first phase of the first trial last nearly a month.   More than 25 witnesses were called by the government and the defense.   In excess of 300 exhibits were introduced by the government.   More than 60 exhibits were introduced by the defense.   While

8

Phase One of the trial was completed with the jury unable to reach a verdict, Phase Two was not yet initiated when the jury was deadlocked and discharged upon motions of the defense.

12. Defendants and their counsel will need sufficient time to review again the extensive discovery in this matter, and conduct whatever additional examination or investigation they deem appropriate.

13. The defendants are aware that absent the designation of this case as "complex," they would have a right to be tried within seventy days of the declaration of a mistrial in connection with this matter, pursuant to 18 U.S.C. § 3161(e)(1).

14. Counsel for the government have conferred with counsel for the defendants. All counsel concur again that this matter is complex. Moreover, defense counsel do not oppose the filing of the government's motion and concur that the matter should be designated "complex" pursuant to the Order of this Court.

15. In light of these findings and given the nature of the case and its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act. A scheduling order setting a trial date, along with a schedule for motions, beyond the Speedy Trial Act limits will enable counsel for the defendants to adequately review the extensive discovery and voluminous transcripts, in excess of 3,000 pages, and numerous exhibits from the record of the first jury trial, and proceed to trial after proper preparation.

16. Failure to grant an exclusion of time under the Speedy Trial Act would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

17. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by

granting a continuance beyond the time limits set forth in the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial.

   WHEREFORE, the government respectfully submits that its motion for complex case designation and for exclusion of time under the Speedy Trial Act be granted.

               Respectfully submitted,

               JENNIFER ARBITTIER WILLIAMS
               United States Attorney

By:

               /s/ Eric L. Gibson
               ERIC L. GIBSON
               MARK B. DUBONFF
               Assistant United States Attorneys

Dated: May 18, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's motion to designate the case as complex and for exclusion of time under the Speedy Trial Act has been served upon the all counsel of record electronically and via ECF.

s/Eric L. Gibson<br>
ERIC L. GIBSON<br>
Assistant United States Attorney

Dated: May 18, 2022