IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-45 |
| ABDUR RAHIM ISLAM<br>SHAHIED DAWAN<br>KENYATTA JOHNSON<br>DAWN CHAVOUS | : <br><br> : | |

## GOVERNMENT'S SUPPLEMENTAL TRIAL MEMORANDUM

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Eric L. Gibson, and Mark B. Dubnoff, Assistant United States Attorneys, hereby submits this Supplemental Trial Memorandum in anticipation of the retrial. Since this is a retrial, the government incorporates by reference its original trial brief, which was filed on March 14, 2022, and docketed at ECF No. 206. Additionally, the government provides this supplemental information.

I.  UPDATED WITNESS LIST

The government reserves the right to call any of the following witnesses at trial, the majority of whom were on the government's original witness list (presented in alphabetical order, rather than order of appearance):

**Brian Abernathy** – Former Executive Director of Philadelphia Redevelopment Authority; sought reversion of Bainbridge Street properties.

**Richard Barnhart** – CEO of Pennrose; worked with Universal, ORED, Islam, and Gamble on real estate development projects.

**Richard F. Binswanger** – Former board member of Philadelphia School Partnership ("PSP").

**Brian Blasy** – Former Physical Education Teacher at Universal Vare Charter School.

**Michael Bonds** – Former president of Milwaukee Public School Board. Pleaded guilty to honest services wire fraud charges and is cooperating against Islam and Dawan.

**Dr. Stephen Brady** – Former Vice President of Operations and Education for Universal, January 2012 – October 2014

**Dr. Patricia Bradley** – Former Vice President of wellness, culture, and arts at Universal.

**Dr. Crystal Breedlove** – Former vice principal and principal at Universal schools.

**Fateen Anthony Bullock** – Former VP at Maximus, a former client of Chavous Consulting.

**Paula Brumbelow Burns** – Director of Legislation for the Philadelphia Planning Commission.

**George Burrell** – Former COO and member of Universal's Board of Directors.

**Janis Butler** – Former chief academic officer for Universal, predecessor to Dr. Nixon.

**Steve Cobb**—Former aide to Councilman Johnson; oversaw zoning.

**Steve Cohen** – Former accountant for Councilman Johnson, Chavous, and Chavous Consulting.

**Michael Cooke** – Former director of enforcement, Philadelphia Board of Ethics.

**Stuart Cooperstein** – Former Principal of Universal Creighton Charter School.

**Glenda Darby**: Former principal at Universal Audenreid.

**Ptosha Davis** – Chief of Staff for President of Milwaukee City Council; worked for Universal from 2013 until 2016.

**Wallace Dawan** – Son of defendant and former VP of Finance at Universal.

**Lily Delatorre** – Former Special Education Teacher at Universal Vare.

**Michele DiPietro** – Scheduler and special assistant to Councilman Johnson.

**David Dix** – Former PCOL member; CEO of Luminous Strategies.

**Carl Dranoff** – Philadelphia-based real estate developer, who worked with defendants on plan to redevelop Royal Theater.

2

**Karen Dunkley** – Former consultant for Universal.

**Glenn Ellis** – Former member of Universal Board of Directors.

**Ori Feibush** – Real estate investor who sought to acquire Royal Theater; brought Act 135 action seeking conservatorship of Royal Theater; eventually purchased it.

**Amy French** – Forensic Accountant, FBI, who analyzed financial records of Universal, Islam, Johnson, Chavous. Possible summary witness.

**Portia Fullard –** Former employee of Chavous Consulting.

**Faatimah Gamble** – Wife of Kenneth Gamble, member of Universal's Board of Directors.

**Kenneth Gamble** – Founder and face of Universal, URED, and ORED.

**Cheryl Gaston** – Philadelphia Planning Commission member.

**Mark Joseph Gleason** – Former Executive Director of PSP.

**Melissa Goins** – Traveling companion of Islam and beneficiary of numerous Universal payments for Islam's claimed expense reimbursements.

**Joel Greenberg** – Principal of Susquehanna International Group.

**Richard J. Haag** – Special Agent, FBI, one of the case agents.

**Jordan Harris** – Pennsylvania State Representative for district that included Universal and Royal Theater.

**Diane Henry** – Former Human Resources supervisor for Universal.

**Tamelia Hinson-Threadgill** – Executive VP at Universal; daughter of Faatimah Gamble and step-daughter of Kenny Gamble.

**William Hite** – Former superintendent of the Philadelphia School District.

**Cara Hornung**  -- Former Special Education Teacher at Universal Vare.

**Kelvin Jeremiah** – President and CEO of Philadelphia Housing Authority.

**Michael Johns** – Former Executive VP of Capital Projects for Philadelphia Housing Authority.

**Susan Joseph** – CPA for Universal who worked at Haefele Flanigan.

**Paul Kihn** – Former Deputy Superintendent and acting head of Charter School Office for Philadelphia School District

**Deena Kobell** – Neighbor of Royal Theater.

**Eve Lewis** – Universal's VP of development.

**Charles Lomax** – Former member of Universal Board of Directors.

**Kamil Marcinkiewicz** – FBI analyst. Will provide summary testimony on legislation introduced by Kenyatta Johnson.

**Robert McManigal** – Former FBI Special Agent.

**Richard Morgenstern** – CPA for Gamble who prepared tax returns for URED.

**Penny Nixon** – Senior Executive VP and Superintendent of Schools for UEC.

**Lisa Nutter** – Former President of Philadelphia Academies, Inc.

**Ray Ovelman** – Revenue Agent, IRS.

**Juanelia Roberts –** Scheduler and administrative assistant to Islam at Universal.

**Mark Sain** – President of Milwaukee School Board after Bonds.

**Christopher Sample** – Chief of staff for Councilman Johnson.

**Gregory Scott** – Former Special Advisor to Islam at Universal.

**Lisa Simmons** – Executive at Maximus, Inc., a former client of Chavous Consulting.

**Brian Sullivan** -- Retired treasurer and associate director of Susquehanna International Group.

**Chad Speicher** – Special Agent, FBI, one of the case agents.

**Jeffrey Spence** -- Former member of Milwaukee Public School Board.

**Gina Spang** -- Former Chief of Staff, Milwaukee Public Schools.

**Sharif Street** – Pennsylvania State Senator.

**Oumou Thomas** – Former Human Resources Manager for Universal.

**Gregory Thorton** – Former chief academic officer of Philadelphia School District and superintendent of Milwaukee public schools.

**Ian Totani** – Special Agent, IRS, one of the case agents.

**Anthony Hardy Williams**, Pennsylvania State Senator.

**Vernon Lamar Wilson** – Principal of V. Lamar Wilson and Associates, which worked with Universal on two grant proposals: The Promise Neighborhood Grant and the Wells Fargo planning grant.

**Janine Yass** – Philanthropist for charter schools.

**Jeffrey Yass** – Philanthropist for charter schools.

II. **UPDATED EXHIBIT LIST`**

Since the initial trial, the government has made some revisions to its exhibit list and hopes to provide an updated version by close of business on Friday, September 23, 2022. Most of the exhibits will not change from the first trial, and to the extent new exhibits are being offered, the government will endeavor to provide the Court and defense counsel with copies of those exhibits by close of business on Friday, September 23, 2022 or as soon as practicable thereafter.

III. **SUPPLEMENTAL TRIAL ISSUES**

In addition to the issues identified in the government's original trial memorandum, the following issues are relevant to the retrial.

A. **References to the First Trial**

To avoid informing the jury that the current trial is in fact a retrial, the government proposes referring to testimony and argument in the first trial as a "prior proceeding in this case"

5

or simply, a "prior proceeding." We further propose that all counsel instruct their respective witnesses prior to taking the witness stand that they should not reference the first trial.

### B.   Avoiding Contact With Jurors Outside the Courtroom

During recesses in the first trial, there were multiple occasions when trial observers and other interested parties were seen congregating in the courtroom doorway and/or near the door to the jury room, as jurors entered and exited the room. Occasionally, these people were overheard discussing the trial. Accordingly, the government requests that the Court consider instructing courtroom observers to refrain from lingering near the jury room and discussing the proceedings in adjacent areas where they might be overheard by jurors and alternate jurors.

### C.   Intent by Chavous to Rely on Residual Hearsay Rule

On September 8, 2022, counsel for defendant Chavous sent a letter to the government stating that Chavous intended to offer eight email threads and a calendar invitation into evidence under the residual hearsay rule, Fed. R. Evid. 807. The government has no objection to the calendar entry, but we do take issue with the email threads, which are all hearsay and inadmissible under Rule 807.

All eight email threads, which are attached as Exhibit 1 through 8, contain out-of-court statements authored by defendant Chavous and/or the other defendants. A few contain out-of-court statements from third parties. For any of the statements to be admissible under Rule 807, Chavous would have to demonstrate that:

> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and

> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a).

None of the statements satisfy Rule 807(a)(2) because there is "other evidence that the proponent can obtain through reasonable efforts" – namely, Ms. Chavous's own testimony. If she wants to present evidence about the statements contained in the email threads, she can take the witness stand and testify about them. Rule 807 does not apply here.

D.  **New Summary Witness –FBI Analyst Kamil Marcinkiewicz**

The government hereby provides notice of its intent to present a new summary witness at the retrial. FBI Analyst Kamil Marcinkiewicz is expected to testify that he accessed a Philadelphia city government website and searched for all bills introduced by defendant Johnson during his approximately 11 years as a Philadelphia City Councilman. Mr. Marcinkiewicz is expected to testify that he organized the data in an Excel spreadsheet and performed more targeted searches within that database, which he further recorded on additional Excel spreadsheets.

We anticipate Mr. Marcinkiewicz will explain that his analysis of the data indicated that defendant Johnson introduced approximately 501 bills between January 2012 and May 2022; approximately 47 of those bills concerned zoning or other real estate matters in Johnson's councilmanic district; approximately 13 of those 47 bills were ordinances intended to rezone real estate for commercial development; and approximately six of those ordinances changed the zoning to conform with a citywide plan put forward by the Philadelphia Planning Commission called Philadelphia 2035.  Mr. Marcinkiewicz will further testify, we expect, that the remaining ordinances that Councilman Johnson has introduced that changed the zoning of real estate parcels in his district to support commercial development were unrelated to the Philadelphia 2035 Plan. One concerned the Royal Theater. The other six concerned much larger properties,

like the Live! Casino in South Philadelphia, the Roberts Center at Children's Hospital of Philadelphia, and a high-rise Hyatt Centric hotel.

The government today provided copies of all the above-described excel spreadsheets to defense counsel. As an example, a pdf version of one of those spreadsheets is attached as Exhibit 9.

E. **Defense Exhibit K-372**

On multiple occasions during the initial trial, defense counsel sought to admit into evidence Exhibit K-372, a printout of a 73-page PowerPoint presentation entitled, "Universal Companies Presentation to Universal Elected Officials, July 10, 2013."[1]

July 10, 2013 was the day when defendant Abdur Rahim Islam met with defendant Kenyatta Johnson, state Senator Anthony Hardy Williams, and state Representative Jordan Harris to discuss the Royal Theater, after which Islam wrote an email to Carl Dranoff, stating: "Kenyatta will take the lead with the Mayor (he will also work with us on Zoning, Historical, and RCAP) but Anthony will do some of the heavy lifting behind the scene." Exhibit G165.

The defendants wanted to suggest to the jury that there were a lot of other people at this July 10, 2013 meeting, and that one of the things that happened at the meeting was the presentation of the PowerPoint identified as K-372. The defendants, however, never introduced any testimony from anyone who attended the July 10, 2013 meeting.

Instead, they tried to admit the exhibit through two people who did not attend the meeting: FBI Special Agent Richard J. Haag and Eve Lewis. In the process, counsel for Johnson and Islam tried to mislead the Court and circumvent this Court's evidentiary rulings.

---

[1] The document is too large to attach as an electronic exhibit, but defense counsel had provided the Court with a hard copy, and we can supply an additional copy on request.

The first time was during defendant Johnson's cross-examination of FBI Special Agent Richard J. Haag. Prior to that cross-examination, the government objected to K-372 and argued: "we have no indication of whether or not this was actually presented to the elected officials on July 10. I don't believe Agent Haag will have the personal knowledge as to whether it was actually presented, whether the date is one of those automatically regenerating dates, and whether this is a presentation that was given on multiple occasions." Tr. March 30, 2022, at 17:8-13.[2]

Johnson's counsel then assured the Court: "I don't intend to move for its admission. I intend to show it to Agent Haag because he has testified that he looked at over 2 million documents in this case. Now, I'll ask him, is this one of the one of the ones he looked at." *Id.* at 17:19-22.

Based on that assurance, this Court said, "All right. We'll take it when it comes up." *Id.* at 17:24-25.

Minutes later, Johnson's counsel reneged on his representation to the Court and moved for the admission of Exhibit K-372 through Agent Haag. *Id.* at 39:7-11.

After the government objected, Johnson's counsel reversed himself again and said that he "won't move it for its submission." *Id.* at 40:20-21.

A few days later, Islam's counsel sought to admit the PowerPoint presentation through Eve Lewis. Tr. April 5, 2022, at 130:4-133:4.

Islam's counsel asked Ms. Lewis whether she had attended a presentation in early July 2013 for political representatives, and Ms. Lewis said, "vaguely." Tr. 130:4-8. Ms. Lewis added

---

[2] We understand the Court has copies of the transcripts, so we are not attaching the cited excerpts here, but we would be happy to do so upon request.

9

that she "want[ed] to say" that she attended the meeting, but "I can't really recall whether I was in the room or not." *Id.* at 131:2-4. Ms. Lewis recalled being involved in the process of putting together the PowerPoint presentation, *id.* at 131:5-8, although she still did not know whether she had attended a July 2013 meeting at which it was presented. *Id.* at 132:4-11.

Islam's counsel moved the PowerPoint into evidence; the government objected; and the Court sustained the government's objection. *Id.* at 132:17-133:2.

Johnson's counsel then argued for the document's admission, and the Court allowed the PowerPoint to be admitted as "authenticated." *Id.* at 133:3-20.

When the government responded that although the document might be authentic, there was "no evidence in the record to suggest that this was ever presented at the meeting," this Court said, "well, we're not going there. All we've talked about is this is something that the witness was involved in preparing and whatever else, whatever other relevant significance or use is not yet before us. Right? That's where we are." *Id.* at 133:21-134:3.

The defense never presented any witnesses who attended the July 10, 2013 meeting, but in his closing argument, Islam's counsel displayed the first page of Exhibit K-372 to the jury and said: "The July 10th meeting. This is where all three legislators came to Universal's headquarters. Mr. Johnson. Harris, Williams. Universal invited its senior executive staff. It was a lengthy PowerPoint presentation." Tr. April 12, 2022, 72:9.

The government objected, and after a sidebar discussion, this Court had to remind the jury that Exhibit K-372 had been authenticated, "but we did not hear any further testimony." *Id.* at 75:9-10.

Seconds later, Islam's counsel told the jury: "it doesn't make any sense that you would have a large meeting with a whole bunch of people and with two other legislators present. And what you would discuss is some kind of scheme." *Id.* at 75:22-25.

Islam's counsel made this statement even though there was no evidence in the record that "a whole bunch of people" attended the July 10, 2013 meeting.

The government submits that, at the retrial, all defense counsel should be precluded from making representations to the jury about what happened at the July 10, 2013 meeting among Islam, Johnson, Williams, and Harris, absent testimony from someone who attended the meeting. Moreover, the government requests that defense counsel be precluded from saying that "Universal invited its senior executive staff" to the meeting, or that "a whole bunch of people" attended the meeting, absent admitted evidence to support such statements. Likewise, defense counsel should not be permitted to show Exhibit K-372 to the jury or state that it was presented at the July 10, 2013 meeting without testimony to that effect from someone who remembers attending the meeting.

      F.      **Improper Statements in Opening Statement and Closing Argument.**

During the initial trial, defense counsel made a series of remarks and comments to the jury during their opening statements and closing arguments that were not based on evidence in the case and appeared designed to generate sympathy.

For example, Dawan's counsel told the jury in his opening statement that Dawan was "a devout and faithful man, a leader in his faith." *Id.* 55:9.

Similarly, Johnson's counsel said, "I'll tell you who's never questioned this country, who's never questioned his faith in this system or his faith in his God, that's Kenyatta Johnson." *Id.* at 59:15-17. "He is a man of faith, and that's what's gotten him through these tough two

years. Every night during this pandemic, when we were going to sleep with all of our worries, he has to worry not only about all that, but about all the problems of his constituents." *Id.* at 59:17-21.

Even after the Court admonished counsel for both Dawan and Johnson that they had gone "over the line." *Id.* at 60:5-16, 61:2-4, Johnson's counsel renewed his improper appeal to sympathy, telling the jurors that Johnson had grown up in the Point Breeze neighborhood of Philadelphia, which he described as "a poor, mostly black community, and there were tough conditions, and they were mean streets. Kenyatta grew up on those streets. When he was a youth, he suffered some of the issues that a lot of people who grew up on those streets suffer. But fortunately, because he was raised by a strong grandma, he made it out." *Id.* at 62:21-63:2.

The Court sustained the government's objection to the improper remarks and comments. *Id.* at 63:25-64:7.

After a second admonishment from the Court, Johnson's counsel again resumed his emotional appeal, telling the jury that Johnson "got out of there and went to college" at Mansfield State, "which is a seven-hour bus ride from Philadelphia." *Id.* at 63:7-9. A few seconds later, Johnson's lawyer blurted out that Johnson cared about "less gun violence," an issue that has nothing to do with this case. *Id.* at 63:24. This Court then had to sustain another objection and admonish Johnson's counsel a third time.

Chavous's lawyer told the jury that his client "still works with and is trusted by many of [her] clients to this day, despite this indictment and what she's been through," *id.* at 89:21-23, at which point the Court *sua sponte* noted that he was "potentially outside the bounds" of a proper opening statement. *Id.* at 89:25.

12

In his closing arguments, Islam's counsel repeatedly used the word "we" to refer to Islam and Universal, *see, e.g.* Tr. April 12, 2022, at 63:8, 63:11, 63:22, 64:24, 65:1, 65:10, 67:24, 67:25, 68:2, 68:4. and tried to mislead the jury about reasonable doubt, *id.* at 89:4-8, even after the Court admonished him not to do so. *Id.* at 89:13-23.

Dawan's lawyer told the jury that witness Richard Barnhart "pulled up in his stretch limousine," to testify, *id.* at 97:5, even though there was no evidence in the record to support that statement.

Johnson's attorney again blurted out facts not in evidence. *See, e.g. id.* at 119:3-5 ("You've got Kenyatta Johnson, who took a seven-hour bus ride from challenged neighborhood in Philadelphia to get to college, …"); *id.* at 131:21-22 (the PHA "put a house, a roof over my client's grandmother's head.").

In view of defense counsel's repeated improper comments and remarks during the first trial –some made after the Court admonished them— the government believes counsel will again resort to comments that refer to information not in evidence and designed to generate sympathy for their clients.

The government respectfully asks the Court to make sure that all counsel in this case stay within the bounds of proper opening statements and closing arguments during the retrial.

    Respectfully yours,

    JACQUELINE C. ROMERO
    United States Attorney

    */s/ Mark B. Dubnoff*
    ERIC L. GIBSON
    MARK B. DUBNOFF
    Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

David M. Laigaie
Joshua David Hill
Eckert Seamans Cherin & Mellott LLC
Two Liberty Pl
50 South 16th St 22nd Fl
Philadelphia, PA 19102
*Counsel for Abdur Rahim Islam*

Thomas O. Fitzpatrick
Mincey Fitzpatrick Ross, LLC
1650 Market Street
36th Floor
Philadelphia, Pa 19102
*Counsel for Shahied Dawan*

Patrick J. Egan
Nathan Huddell
Fox Rothschild LLP
2000 Market Street 20th Floor
Philadelphia, PA 19103
*Counsel for Kenyatta Johnson*

Barry Gross
Elizabeth Casey
Andrew Reeve
Henry Grabbe
Faegre Drinker Biddle & Reath LLP
One Logan Square
Ste 2000
Philadelphia, PA 19103
*Counsel for Dawn Chavous*

/s/   Mark B. Dubnoff
MARK B. DUBNOFF
Assistant United States Attorney

Dated:  September 21, 2022.