IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-45 |
| ABDUR RAHIM ISLAM<br>SHAHIED DAWAN<br>KENYATTA JOHNSON<br>DAWN CHAVOUS | :<br><br>: | |

**GOVERNMENT'S OPPOSITION TO JOHNSON'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO 2035 PLAN AND PURPORTED SPOT ZONING**

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Eric L. Gibson, and Mark B. Dubnoff, Assistant United States Attorneys, hereby opposes defendant Kenyatta Johnson's motion *in limine* to exclude evidence relating to: (a) the Philadelphia 2035 Plan; and (b) whether the zoning ordinance that Johnson introduced to re-zone the Royal Theater constituted "spot zoning." As detailed below, Johnson's motion is based on a fundamental misunderstanding of the government's purpose in presenting the jury with evidence of his legislative record.

I. Introduction

In his 11 years as a City Councilman, Kenyatta Johnson has introduced only 12 zoning ordinances like the one that benefited Universal Community Homes, the entity that had paid his wife approximately $66,750 to be a "consultant" who did, at most, 40 hours of work over 16 months for Universal. Of those 12 ordinances, at least six – and arguably seven – were simply corrective zoning measures – i.e., ordinances designed to make the zoning codes in various neighborhoods located with Johnson's Second District consistent with the vision set forth in the Philadelphia 2035 Plan, approved by the Philadelphia Planning Commission.

That leaves only a half-dozen other ordinances that Johnson has sponsored in his entire Councilmanic career, which are similar in kind to the ordinance he sponsored to change the zoning for the Royal Theater. Nearly all of those were related to mammoth real estate parcels and projects, such as the new casino near the Philadelphia sports stadiums, which covered more than 1.5 million square feet, and a Hyatt Centric Hotel, which covered nearly a quarter-million square feet. By contrast, the Royal Theater covered less than 60,000 square feet – by far, the smallest of the real estate projects impacted by one of Johnson's zoning ordinances

Indeed, the evidence that FBI analyst Kamil Marcinkiewicz obtained from public sources, such as the City Council legislative database, indicates that there is only one other real estate parcel remotely close in size to the Royal Theater, for which Johnson has introduced an ordinance to alter the zoning, where the ordinance has nothing to do with the Philadelphia 2035 Plan. That parcel is located at 2012 Chestnut Street and still covers nearly twice the square footage of the Royal Theater. In other words, Johnson's decision to introduce a zoning ordinance to benefit a single real estate parcel as small as the Royal Theater – with no apparent connection to a comprehensive zoning plan like the Philadelphia 2035 Plan – was unprecedented and unrepeated.

The evidence that the government seeks to present through Mr. Marcinkiewicz would highlight the unusualness, if not uniqueness, of Johnson's decision to introduce and vote for the Royal Theater ordinance. The government has no intention to have Mr. Marcinkiewicz or any other witness testify about "spot zoning" or opine that the Royal Theater ordinance was an example of spot zoning, except to counter defense evidence on this topic.[1] The government also

---

[1] Johnson's counsel tried to elicit such evidence during his cross-examination of Carl Dranoff:
Q. Are you familiar with the term "spot zoning"?

2

does not intend to call Jametta Johnson or Paula Brumbelow Burns as witnesses in its case-in-chief, unless defense counsel introduces the issue of "spot zoning" into the trial.

**II.     Argument**

Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." Fed. R. Evid. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. A court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

The evidence that the government seeks to elicit through Mr. Marcinkiewicz about the highly unusual nature, if not uniqueness, of Johnson's introduction of the Royal Theater zoning ordinance easily clears the "low threshold" of admissibility under Fed. R. Evid. 401. The key issue in Counts 9 and 10, as it applies to defendant Johnson, is whether he took money from defendants Abdur Rahim Islam and Shahied Dawan, through Universal's payments to defendant Dawn Chavous, with the intention to be influenced by those payments to take official actions to benefit Universal, Islam, and Dawan. Among the official acts that Johnson took that benefited Universal were his introduction of, and vote for, the Royal Theater zoning ordinance.[2]

---

A. Yes.
Q. And are you familiar with the fact that anyone can challenge a zoning ordinance in the court of law claiming it's inappropriate quote/unquote spot zoning?
A. That goes beyond my level of expertise. I'm not an attorney.
Tr. Oct. 3, 2022, at 224:3-10.

[2] Johnson's use of his councilmanic office and staff to rally support for the ordinance among neighbors, such as SOSNA and Friends of Kater Street, also was an official act. So was his support of Universal's plans in front of the Philadelphia Historical Commission and his intervention to prevent the Redevelopment Authority from reverting the Bainbridge Street Properties.

3

Evidence about the unusualness, if not uniqueness, of Johnson's decision to take such official actions to rezone a relatively small parcel like the Royal Theater, without any connection to the Philadelphia 2035 Plan, is relevant because it has a tendency to make it more probable than not that the reason why Johnson took these particular official actions was because the partis benefiting from the zoning ordinance – Universal, Islam, and Dawan – had been paying his wife nearly $67,000.

Since the government has met its burden under Rule 401, the burden under Rule 403 now shifts to Johnson to demonstrate that the probative value of Mr. Marcinkiewicz's anticipated testimony would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Johnson has not and cannot meet that burden. Again, the government has no intention to introduce evidence about spot zoning, unless necessary to counter evidence on spot zoning presented by the defense. Therefore, Johnson's request to preclude opinion testimony about spot zoning is a red herring. There is also no risk that a jury would be confused or misled by Mr. Marcinkiewicz's simple, straightforward summaries of publicly available data – information he obtained from the City Council website and a review of Philadelphia 2035 Plan. His anticipated testimony is admissible.

### III. Conclusion

For all the foregoing reasons, defendant Johnson's motion *in limine* should be denied.

                Respectfully yours,

                JACQUELINE C. ROMERO
                United States Attorney

                */s/ Mark B. Dubnoff*
                ERIC L. GIBSON
                MARK B. DUBNOFF
                Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

David M. Laigaie
Joshua David Hill
Eckert Seamans Cherin & Mellott LLC
Two Liberty Pl
50 South 16th St 22nd Fl
Philadelphia, PA 19102
*Counsel for Abdur Rahim Islam*

Thomas O. Fitzpatrick
Mincey Fitzpatrick Ross, LLC
1650 Market Street
36th Floor
Philadelphia, Pa 19102
*Counsel for Shahied Dawan*

Patrick J. Egan
Nathan Huddell
Fox Rothschild LLP
2000 Market Street 20th Floor
Philadelphia, PA 19103
*Counsel for Kenyatta Johnson*

Barry Gross
Elizabeth Casey
Andrew Reeve
Henry Grabbe
Faegre Drinker Biddle & Reath LLP
One Logan Square
Ste 2000
Philadelphia, PA 19103
*Counsel for Dawn Chavous*

                                                                            /s/    Mark B. Dubnoff
                                                                            MARK B. DUBNOFF
                                                                            Assistant United States Attorney

Dated: October 12, 2022.