IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 2:20-cr-00045-GAM |
| ABDUR RAHIM ISLAM et al., | : | (McHugh, J.) |
| Defendants. | : | |

**DEFENDANT ISLAM'S MOTION TO STRIKE UNSUPPORTED THEORY FROM COUNTS NINE AND TEN (PARTIAL JUDGMENT OF ACQUITTAL)**

Counts Nine and Ten allege that defendant Abdur Rahim Islam and others schemed to deprive the citizens of Philadelphia via wire fraud (18 U.S.C. §§ 1343, 1346) of the honest services of Councilmember Kenyatta Johnson (a co-defendant) by bribery. To prove bribery under this statute, the government must prove the exchange of a thing of value (or promise thereof) for an official act. *Skilling v. United States*, 561 U.S. 358 (2010). Counts Nine and Ten of the indictment allege that the engagement of co-defendant Dawn Chavous as a consultant to Universal, arranged by Mr. Islam, was a thing of value to Mr. Johnson, and that this was exchanged for specified "official acts" in aid of two projects of interest to Universal: the Royal Theater development and the Bainbridge Street reversion. Because the evidence presented by the government was insufficient to support a jury verdict predicated on the theory that any "official act" was promised or committed in connection with the Bainbridge issue, that theory cannot support a conviction on either of these counts and must be stricken from the indictment.

1

The only "official act" that is alleged in connection with Bainbridge Street is Overt Act 18 of Count One (Indictment p.23), incorporated into Counts Nine and Ten via paragraph 9 on p. 33: "Shortly [after January 16, 2014], KENYATTA JOHNSON advised the P[hiladelphia] R[edevelopment] A[uthority] that he would not support the City of Philadelphia's attempt to revert the properties at 13th and Bainbridge owned by UCH's partnership, effectively halting the reversion process and allowing the UCH partnership to retain the properties."  The evidence at trial revealed that this "advis[ing]" occurred when Mr. Johnson took two phone calls from Brian Abernathy, who was then Executive Director of the Redevelopment Authority, concerning the proposed "reversion" of the Bainbridge property.  Tr. (10/19/22) at 158-162.  Abernathy wanted to make sure that Mr. Johnson supported reversion prior to moving forward." Tr. 158-159.  He made the call because while the councilman may not have a formal role in reversion, his support "would be helpful both to the court process and for any potential city council action down the road."  Tr. 159.

In the first of Abernathy's calls, the councilman "had no objection" to Mr. Abernathy discussing reversion with Mr. Islam and PHA. Tr. 159. In response to the second call, Mr. Johnson said that he would not support reversion. Tr. 161-162. Abernathy testified, however, that City Council has no official role and does not "weigh in" on reversion. Tr. 173. Nevertheless, as a matter of practice City Council members are made aware of plans to revert property in their district.  Tr. 148 – 149. There is no law that City Council must follow what the local councilman wants, and sometimes they do not. Tr. 170-171. Reversion is a contract remedy, enforced in court. Tr. 148. Even so, Abernathy testified, Mr. Johnson's position had a "chilling

2

effect." 162-163. In Mr. Abernathy's calculus, the decision not to proceed with reverting the Bainbridge properties "was based on Councilman Johnson's opposition." Tr. 164.

Neither Mr. Abernathy nor any other witness testified that Mr. Johnson's response to his phone calls constituted an "official act" as defined by the Supreme Court in *McDonnell v. United States*, 579 U.S. 550, 136 S.Ct. 2355, 2368 (2016). The *McDonnell* definition demands that there be "a 'question, matter, cause, suit, proceeding or controversy'," amounting to "a formal exercise of governmental power," "that 'may at any time be pending' or 'may by law be brought' before [the] public official." The government must also "prove that the public official made a decision or took an action 'on' that question …." *Id*. A "typical meeting, call, or event" does not suffice, *id*., particularly where the official is merely "expressing support" or opposition to a project. *Id*. 2871. See also *United States v. Fattah*, 914 F.3d 112, 152–56 (3d Cir. 2019); *United States v. Islam*, 2021 WL 312681, *2 (E.D.Pa., Jan. 29, 2021) (discussing these allegations under the *McDonnell* rubric). Here, the evidence established nothing but a "typical … call" between an agency head and a legislator on an issue of mutual public interest.

Mr. Johnson's response to Abernathy's second call – the only alleged "official act" in connection with Bainbridge that is identified in the indictment – was not an "official act" under the law, because the reversion was not pending before, nor could it come before Council. Abernathy did not describe Mr. Johnson, in words or substance, as having exerted pressure on him to proceed or not with the reversion. Compare *United States v. Dougherty*, 2020 WL 5231684, *11–12 (E.D.Pa., Sept. 1,

3

2020), discussing *United States v. Repak*, 852 F.3d 230, 253–54 (3d Cir. 2017). Mr. Abernathy's concern with Council's approval for the potential later sale of the property was not even mentioned, much less did Mr. Johnson suggest a position or threaten action on that hypothetical future eventuality.  The Bainbridge project therefore cannot be a basis for conviction on Counts Nine and/or Ten, and those allegations must accordingly be stricken from the indictment.

      WHEREFORE, defendant Abdur R. Islam prays that this Court grant a partial judgment of acquittal by striking from the indictment one of the government's two theories of guilt on Counts Nine and Ten.

Dated: October 24, 2022

Respectfully submitted,

 s/ David Laigaie

*s/Peter Goldberger*  
PETER GOLDBERGER  
 PA Atty. No. 22364  
50 Rittenhouse Place  
Ardmore, PA 19003  
 (610) 649-8200  
 fax: (610) 649-8362  
peter.goldberger@verizon.net

ECKERT SEAMANS CHERIN & MELLOTT  
David M. Laigaie, Esquire (I.D. No.: 63010)  
Joshua D. Hill, Esquire (I.D. No.:93772)  
50 S. 16th Street, 22nd Floor  
Philadelphia, PA  19102  
 (215) 851-8400 (Telephone)  
(215) 851-8383 (Telecopy)  
DLaigaie@eckertseamans.com

*Attorneys for Defendant Abdur Islam*

## CERTIFICATE OF SERVICE

On October 24, 2022, I served a copy of the foregoing document on counsel for the United States, who are Registered Users, by copy of electronic filing, addressed to:

Eric Gibson, Esq., Assistant U.S. Attorney
Mark Dubnoff, Esq., Ass't U.S. Attorney
Eastern District of Pennsylvania

                                                *s/Joshua D. Hill*