IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | No. 20-45-1, 2 |
| | : | |
| **ABDUR RAHIM ISLAM** | : | |
| **SHAHIED DAWAN** | : | |

**McHUGH, J.**                                                                                                                     **August 14, 2023**

## MEMORANDUM

This is a case involving complex charges of fraud and political corruption. Two lengthy trials have been held, the first resulting in a mistrial when the jury could not agree, and the second yielding an acquittal as to some charges, but a mistrial on others as jurors were lost over the course of five weeks until no alternates remained. An order scheduling a retrial on the remaining charges was issued more than six months ago, and trial is set to commence on October 2, 2023.

In a previous memorandum I discussed and rejected Defendants' contention that their retrial is barred by double jeopardy. They have now taken an interlocutory appeal from that order. The Third Circuit has made clear that such an appeal does not necessarily divest a district court of jurisdiction. *United States v. Leppo*, 634 F.2d 101 (3d Cir. 1980). Rather, the district court may proceed with a scheduled trial if it concludes that the appeal is frivolous. *Id.* at 105. Having solicited briefs from the parties, I conclude that it is.

In my earlier memorandum, ECF 516 at 12, though not using the word frivolous, I observed that any claim of double jeopardy "rings hollow." There was also a tone of incredulity as to the arguments of the defense. Upon further review, for the reasons that follow, I am satisfied that the appeal is properly categorized as frivolous.

1

First, Defendants cite no error at the time the mistrial was declared. To construct their argument, they reach back to the Court's decision to excuse a juror two days earlier. The defense points to no case where a claim of double jeopardy was sustained on such facts, nor has the Court's research revealed one. When the juror in question was excused, a full complement of twelve remained.

Second, that juror was excused because of a sudden and unexpected death of a cousin – contemporaneous in age. The juror was distraught, and despite that, he was not excused until the lunch recess after the court had the opportunity to observe him struggling to pay attention to the evidence. As set forth in my earlier memorandum, it is proper to excuse a juror because of a death in the family even when a mistrial would then result; necessarily it is not error to excuse such a juror when the trial can continue.

Third, the Government was prepared to proceed with eleven jurors under Federal Rule of Criminal Procedure 23(b)(2)(B), and Defendants refused. It should be emphasized that this same panel had already *acquitted* Mr. Islam and Mr. Dawan in Phase I of the trial. With each loss of a juror, the composition of the panel changes, and counsel must certainly consider whether those changes create a strategic disadvantage for the defendant. The panel in this case was highly diverse and continued to be so with only eleven jurors remaining. Like the Defendants, two of the remaining members were Black, including the foreperson. From a strategic perspective, therefore, the composition of the jury had not dramatically changed.

Fourth, when the standard of review is plenary, there is wide latitude for an appellate court to disagree. Here, the standard of review on appeal is abuse of discretion. As the Court of Appeals recently reiterated, it "will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view." *United States v. James,* 72 V.I. 1198, 1204, 955

F.3d 336, 342 n.2 (3d Cir. 2020). Even if another judge might have addressed the challenges differently, the record here reveals a painstaking process where counsel was consulted at every turn and alternatives were carefully considered. And the relevant factors were complex. The Court needed to consider the length of the trial; the jurors' dismay when the bifurcated nature of the proceeding was finally revealed; the stress already endured by the jurors because of Covid exposure and delays; the difficulty of deliberation because of a reluctant juror who was ultimately removed; and the Court's own credibility as the jurors expectantly waited to see how fellow jurors would be treated in the face of their personal crises. Whether an abuse occurred here is obviously a matter for the Court of Appeals, but traditionally it has accorded trial judges broad discretion in determining whether to excuse a juror. *James* at 347. That is so because "a trial judge is in the best position to weigh the circumstances peculiar to each trial." *United States v. Fiorilla,* 850 F.2d 172, 176 (3d Cir. 1988).

Finally, it is appropriate to consider whether the taking of an interlocutory appeal serves another purpose. This case has now been pending for more than three years and the defendants are not in custody. Defense counsel certainly has the responsibility to advocate zealously for their clients. But the arguments here are both novel and far-fetched. The prohibition against double jeopardy is meant to protect against government overreach, not to confer tactical advantage, and the unfortunate mistrial here cannot credibly be said to have denied Mr. Islam and Mr. Dawan their rights.

The defense submission discusses at length the standard by which to determine whether a position can be deemed frivolous. In Defendants' view, so long as an argument can be viewed as colorable, it cannot be considered frivolous. That proposition would carry some weight where a party is arguing the application of *existing* law to the facts of a case. Here, however, the appeal

3

asks the Third Circuit to break new ground.  Defendants cite no case where an abuse of discretion was found based on a decision to excuse a juror who was distraught and distracted because of a death in the family - even when doing so would *cause* a mistrial - let alone a case where the trial judge's prior decision to excuse a juror is later overturned when re-evaluated based on subsequent events.  And Defendants' newly announced challenge to the constitutionality of Rule 23(b) is similarly devoid of any legal support.

Trial will proceed as scheduled unless the Court of Appeals directs otherwise.

/s/ Gerald Austin McHugh
United States District Judge